ABRAHAM KRAMER ET AL., Respondents, *v.* JAMES D. FAULKNER ET AL., Appellants.

### May 4, 1880.

1. One who sells stolen goods received by him, though he acts in good faith, is liable to the owner for their value.

2. Instructions not warranted by the evidence, though abstractly correct, are properly refused.

APPEAL from the St. Louis Circuit Court, LINDLEY, J. *Affirmed*.

GIDEON D. BANTZ and NATHAN FRANK, for the appellants : A person holding property merely as bailee is not bound *absolutely* to deliver it upon demand by the true

owner; he may give a qualified refusal where there is a reasonable doubt as to the claimant's title, and he is entitled to a reasonable opportunity to investigate. — *Vaughan* v. *Watts*, 6 Mee. & W. 492; *Carroll* v. *Mix*, 50 Barb. 212; *Green* v. *Dunn*, 4 Camp. 215; *Alexander* v. *Southey*, 5 Barn. & Ald. 247; *Isaac* v. *Clark*, 2 Bulst. 312; *Carey* v. *Bright*, 58 Pa. St. 70; *Thomson* v. *Sixpenny Bank*, 5 Bosw. 293. A mere purchase of goods in good faith from one who has no right to sell them, is not a conversion against the lawful owner until his title is made known and resisted. — 2 Greenl. on Ev., sect. 642; *Cromier* v. *Bally*, 9 Jones & Sp. 79; Add. on Torts, sect. 467; *Fowler* v. *Hollins*, 7 Eng. & Irish App. 766, 767. In this case the appellants are not liable. — *Greenway* v. *Fisher*, 1 Car. & P. 190; *Ross* v. *Johnson*, 5 Burr. 2825; *Pool* v. *Atkinson*, 1 Dana, 136; *Loring* v. *Mulchacy*, 3 Allen, 575; *Nelson* v. *Iverson*, 17 Ala. 219.

DAVID GOLDSMITH, for the respondents, cited: *Koch* v. *Branch*, 44 Mo. 542; *Hoffman* v. *Carow*, 22 Wend. 285; *Pease* v. *Smith*, 61 N. Y. 477; *Rogers* v. *Hine*, 1 Cal. 429; *Coles* v. *Clark*, 3 Cush. 399; *Hollins* v. *Fowler*, 7 H. L. Cas. 787.

LEWIS, P. J., delivered the opinion of the court.

If A. steal goods from B., and deliver them to C. for a temporary purpose, and C. redeliver them to the thief, in good faith, believing him to be the owner, C. will not be liable to B. for the goods or their value; but if C. convert them while in his possession, as, by a sale, so that the owner cannot get them again, he will be answerable to the owner for the value of the property, though he may have paid over the proceeds of the sale, in good faith, to his bailor. Such is the settled law, as shown in the luminous opinion, with a citation of leading authorities, in *Koch* v. *Branch*, 44 Mo. 542. The admissions of record in this cause, independent of the testimony, are sufficient to bring the defend-

ants precisely within these conditions of liability to the plaintiffs.

There was no testimony, proper to be left with a jury, to prove the existence of any contract for a release made between the parties. Not a syllable appears in the record to show that the alleged agent who assumed to enter into a contract, had any authority from the plaintiffs so to do. It is idle to pretend that the plaintiffs' "not objecting or alluding" to the contract at a time when the subject was not introduced, can be regarded as evidence tending to prove a ratification. It is mere assumption to say that the plaintiffs procured from the defendants a schedule of the goods sold in consideration of the alleged contract. It does not appear that the plaintiffs had then ever heard of such a supposed contract. There is a total absence of testimony that they had either made or ratified one. There was no error in the refusal of instructions founded on the assumed existence of a contract, when none was shown to exist.

Upon the testimony and admissions of record, we are unable to perceive how the court could do otherwise than direct the jury to find for the plaintiffs.

With the concurrence of all the judges, the judgment is affirmed.