CELESTE PIM, Respondent, v. ROBERT C. GREER, Appellant.

St. Louis Court of Appeals, December 10, 1895.

**Effect of Express Contract for Compensation of Services on Prior Implied Contract: REMEDY.** When services are performed under an implied contract for reasonable compensation but an express contract in settlement thereof is afterwards made by the parties, the implied contract is extinguished by the express one and is not revived by a breach of the latter.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*Edmond A. B. Garesche* for appellant.

*Henry B. Davis* for respondent.

BOND, J.—On the eighteenth of December, 1890, plaintiff executed a written authority to defendant to make a lease on her behalf of certain property, known as numbers 720 and 722, Olive street, for twenty years on specified terms to certain lessees, reciting in said writing that defendant should have the collection of the rents reserved to plaintiff in said lease during its full term. In pursuance of this authority defendant made a lease for plaintiff of said property to the said lessees, which became operative on January 1, 1891,

and ran for twenty years. Defendant began the collection of the rents due plaintiff under said lease, and continued to collect the same as her agent until the sixteenth of August, 1892, at which time plaintiff dismissed him as her agent on account of his refusal to pay over $1,730.72 (a balance of rents due her in his hands as agent) without deducting therefrom a charge of $1,250 for services in negotiating said lease. Plaintiff having declined to accept this deduction from the amount due her by defendant, after an unsuccessful effort on the part of her attorney to collect the amount due her, without this substraction, brought the present suit.

The defendant answered admitting that the sum claimed by plaintiff was due her, and set up a counterclaim, not for breach of the written contract entitling him to collect plaintiff's rents, but upon an alleged implied contract on her part to pay him for negotiating the lease. The amount claimed was $1,875. Plaintiff replied by a general denial.

In support of his counterclaim defendant testified that he performed services for plaintiff in securing the lease of her property for twenty years; that his idea as to his compensation for this was that it would come from the collection as plaintiff's agent of the rents reserved during the whole term of the lease. He stated that he had a written agreement with plaintiff authorizing him to collect said rents for said term for a commission of two and one half per cent. He repeatedly stated that this agreement was torn up by plaintiff in his office after some conversation between the two. He finally admitted on cross-examination that it still existed and was contained in the recital in the writing empowering him as agent to collect the rents for plaintiff. This written authority was introduced in evidence and bore date of December 18, 1890, and was to the

purport hereinbefore stated. He stated that the commission of two and one half per cent on rent collections was agreed to be paid by plaintiff in consideration of the services which he had rendered in negotiating the lease; that under this contract he collected the rents due plaintiff from January 1, 1891, to August 18, 1892, remitting her the balance of such collections after deducting the commissions due him; that in no statement of accounts which he rendered to plaintiff while he was acting as her agent from January 1, 1891, to July 26, 1892, was there any item referring to a claim by him for services in negotiating said lease; but that on the latter date he sent plaintiff the two following statements:

1.  Debits, January 1, 1891, com. on making two leases on property 720–722 Olive Street, on valuation, say about $100,000 at 2½.................... ...................... .........$2,500.00
    Total due R. C. Greer, R. E. Co. ...................... ....     769.28

2.  Debits. January 1, 1891, to one half commissions on making two leases on property 720–722 Olive Street on valuation, say about $100,000. ............... ... ............ ... ..$1,250.00
    By balance brought down .... ..... ....... ......... ...     480.72

Other real estate agents on behalf of defendant testified that his services in negotiating the lease of plaintiff's property were worth, in their opinion, from $1,700 to $1,800. A verdict was rendered for plaintiff for the amount sued for, and a verdict for defendant for $500 on his counterclaim. From a judgment given in favor of plaintiff for the excess defendant prosecutes this appeal.

There is no merit in this appeal. It stands admitted by defendant's own testimony that the written agreement had by him with plaintiff for the collection of her rents during the term of the lease negotiated by him as her agent was taken and made in full discharge of his services to plaintiff in bringing about the leasing of her property, thereby merging the implied contract

to pay for such services in a written contract. It is further admitted by defendant that he partially performed this written contract by collecting thereunder the rents due plaintiff on said property for a commission of two and one half per cent for about eighteen months, at the expiration of which the plaintiff withdrew the further collection of her rents from him.

Taking these facts to be true, the only remedy defendant had in the present case was for the breach, if any, of the written contract made in substitution for the implied one set up in his counterclaim; for it is obvious that, if (as defendant testified) the written contract was given him in exchange for his right to recover against plaintiff upon an implied contract, then the implied was extinguished by the written contract and could not be revived by a breach of the latter. Under this view of the case the evidence given for defendant as to the value of his services in effecting a lease of plaintiff's property was wholly inadmissible, as it did not tend in any way to measure the damages to him caused by breach of his written contract, and the court should have sustained the demurrer of plaintiff to this evidence. It follows that the recovery of $500 by defendant under his counterclaim was wholly unwarranted, and would be reversed had not plaintiff submitted to this exaction by not appealing. These conclusions necessitate an affirmance of this judgment and relieve us from the further consideration of defendant's assignments of error, based on a complaint that the verdict in his favor under the counterclaim was too small under the evidence. Since we hold he was not entitled to any recovery under the present pleadings and evidence, he could not have been prejudiced by a finding in his favor. The judgment will, therefore, be affirmed. All concur.