67 163
73 191
74 466
67 163
76 263
76 386
67 163
82 684
67 163
160s 179

J. W. WIRT, Respondent, v. JOHN SCHUMAN, Administrator, etc., Appellant.

Kansas City Court of Appeals, June 15, 1896.

1. **Stolen Goods**: INNOCENT PURCHASER: RESTITUTION. The purchaser in good faith of stolen goods is under obligation to return them on demand to the true owner, but after he has in good faith parted with them he is under no contractual or implied legal obligation to return them to the true owner, nor is he bound to assist such owner in hunting up and finding the stolen chattels.

2. ———: ———: CONSIDERATION. The promise of one who in good faith has purchased stolen goods made to the true owner after the promisor has parted with the goods to assist the owner in hunting up the stolen goods is a sufficient consideration to support an agreement by the true owner to pay for such services.

3. Evidence: WRITTEN CONTRACT: FORMER UNSIGNED CONTRACT. The provisions of a former unsigned contract and not incorporated in the one subsequently executed, have no greater force than any other parol declaration not incorporated in the subsequent contract, and are inadmissible to vary the signed contract.

4. ———: PLEADING. Where the pleading raises the sole issue of consideration, evidence tending to show the object of the written contract is inadmissible.

*Appeal from the St. Clair Circuit Court.*—HON. J. H. LAY, Judge.

AFFIRMED.

*John A. Gilbreath* for appellant.

(1) If A steals goods, chattels, or other property from B and sells them to C, C is liable to B in replevin or for the value of the property, even though C bought in good faith for a valuable consideration. Each successive purchaser from the thief of stolen property is liable to the owner. *Koch v. Branch,* 44 Mo. 542; *Duskey v. Rudder,* 80 Mo. 400; *Kramer v. Faulkner,* 9 Mo. App. 34; *Williams v. Wall,* 60 Mo. 318, and especially p. 322; *Bembraugh v. Phipps,* 75 Mo. 422; *Harris v. Constable,* 2 Strobh. Eq. 370, and note; *Carter v. Kingman,* 103 Mass. 517; *McCombie v. Davis,* 6 East, 538; *Hilbery v. Hatton,* 33 L. J. Ex. 190; *Fowler v. Hollins,* L. R. 7 Q. B. 616; s. c., 7 H. L. 757. (2) "A promise to do what the party is already bound to do, is a mere *nude pactum.*" A promise to do, or the doing of, what a person is under a previous legal obligation to perform, forms no new matter for a consideration and can not support a promise. *Wendover v. Baker,* 121 Mo. 273,

side p. 294; *Vanderbilt v. Schreyer*, 91 N. Y. 392, and cases cited; Lawson on Contracts, sec. 103; Clark on Contracts, p. 184, and various authorities there cited from every state in the union. *Ellison v. Jackson Co.*, 12 Cal. 542; *Holmes v. Boyd*, 90 Ind. 33; *Warren v. Hough*, 121 Mass. 126; *Stuber v. Schack*, 83 Ill. 191; *Ayres v. Railroad*, 52 Iowa, 478; *McDonald v. Neilson*, 2 Cow. 139, 14 Am. Dec. 431; *Swaggard v. Hancock*, 25 Mo. App. 596; *Harris v. Cassidy*, 107 Ind. 158; *Hennessy v. Hill*, 52 Ill. 281; *Voorhees v. Reed*, 17 Ill. App. 21; *Crossman v. Wohlleben*, 90 Ill. 537; *Ins. Co. v. Rink*, 110 Ill. 538; *Watts v. French*, 19 N. J. Eq. 407; *Jenness v. Lane*, 26 Me. 475; *Tucker v. Bartle*, 85 Mo. 114; *Stilk v. Myrick*, 2 Camp. 317; *Reynolds v. Nugent*, 25 Ind. 328; *Wendover v. Baker*, 121 Mo. 273, 294; *Billings v. Filley*, 32 N. W. Rep. (Neb.) 567. (3) Consideration must not be illegal, immoral, or contrary to public policy. You shall not make a trade of a felony. If you are aware that a crime has been committed, you shall not convert that crime into a source of profit or benefit to yourself. *Williams v. Bailey*, L. R., 1 H. L. 220; Lawson on Contracts, sec. 316; *Armstrong v. Toler*, 11 Wheat. 279; *Buckingham v. Fitch*, 18 Mo. App. 91. (4) The rule has been declared to be that, when either party to the illegal contract or transaction applies to a court for aid, if the plaintiff can not open his case without showing he has broken the law, the court will not assist him, whatever his claim in justice may be upon the defendant. *Duncan v. Scott*, 11 Serg. & R. 164; *Thomas v. Brady*, 10 Burr, 170; *Scott v. Duffy*, 2 Harris, 20; *Allgear v. Walsh*, 24 Mo. App. 130; *Holt v. Green*, 73 Pa. St. 168; *Hatch v. Hanson*, 46 Mo. App. 323, side pp. 329, 330; *Gwinn v. Simes*, 61 Mo. 335, 339; *Bick v. Seal*, 45 Mo. App. 475, side p. 481; 1 Story on Const., sec. 675; *Davis v. Luster*, 64 Mo. 43; *The Fire B. Co. v. Cook*, 44 Mo. 30; *Swartzer v. Gillett*,

2 Binn (Wis.), 238; *Bartle v. Nutt*, 4 Pet. 184; 1 Jones on Mort., sec. 619; *Turley v. Edwards*, 18 Mo. App. 677, 682; *Moss v. Green*, 41 Mo. 390; *McFadden v. Railroad*, 92 Mo., side p. 351; *Fontaine v. Sav. Inst.*, 57 Mo. 552; *Hollocher v. Hollocher*, 62 Mo. 267; *Liebke v. Knapp*, 77 Mo. 22, also p. 47 and side p. 27; *Boch v. Wolfe*, 59 Ill. 470; *Dunkin v. Hodge*, 46 Ala. 523; *Herman v. Jencher*, 15 Q. B. D.   (5) The actual consideration in a contract may always be shown in an action between the original parties by parol evidence.  1 Greenleaf on Evidence, sec. 304; 1 Parsons on Contracts, 290; 3 Washburn on Real Property, 399; Wharton on Evidence [2 Ed.], sec. 1044 to 1049 inclusive, and the various authorities therein cited.  *Edwards v. Smith*, 63 Mo. 119; *Bunce v. Black*, 43 Mo. 266.   (6) The court committed reversible error in refusing to allow plaintiff to show the "real consideration" and in sustaining a motion to strike out all evidence offered by defendant tending to show what the real consideration of the contract was, as between Wirt and Schuman.  This may always be shown as between the original parties.  1 Greenleaf on Evidence, sec. 304; 1 Parsons on Contracts, 290; 3 Washburn on Real Property, 399; *Sexton v. Anderson*, 95 Mo. 373; *Greer v. Nutt*, 54 Mo. App. 4.

*R. T. Railey* and *Graves & Clark* for respondent.

(1) The contract states the consideration.  It is signed by Schuman, which is his written admission as to what the consideration was.  Any inconvenience or trouble is a sufficient and good consideration, and will be upheld, although inadequate.  The inconvenience and trouble to Wirt, in assisting Schuman in finding the cattle, is a sufficient consideration to uphold this contract.  *Williams v. Jensen*, 75 Mo. 681, 685; *Lindell v. Rokes*, 60 Mo. 249; *Given v. Corse*, 20 Mo. App.

132; *Block v. Elliott*, 1 Mo. 275; *Halsa v. Halsa*, 8 Mo. 303; *Mullanphy v. Reilley*, 8 Mo. 675; *Hamer v. Sidway*, 124 N. Y. 588. (2) Schuman received of Wirt all the consideration called for in the contract, and his administrator will not be allowed to say that he received no consideration. *Railroad v. Derkes*, 103 Ind. 520; *Labayloteux v. Swigart*, 103 Ind. 596; *Scott v. Scott*, 105 Ind. 503; *Wulze v. Schaefer*, 37 Mo. App. 551; *Webb v. Ins. Co.*, 14 Mo. 3; *Hunt v. Johnson*, 24 Mo. 509; *Gooch v. Conner*, 8 Mo. 391; *Walker v. Engler*, 30 Mo. 130; *Koehring v. Muemminghoff*, 61 Mo. 403; *Sprague v. Rooney*, 82 Mo. 493; *Michael v. Ins. Co.*, 17 Mo. App. 23; *County of Johnson v. Wood*, 84 Mo. 489; *Neidler v. Dunlap*, 22 Mo. App. 97; *Turner v. Railroad*, 20 Mo. App. 632; *Kellerman v. Railroad*, 34 S. W. Rep. (Mo.) 41, 43. (3) The consideration for this contract was not illegal, immoral, or contrary to public policy. Wirt could lawfully agree to furnish his time and trouble in assisting to find the cattle. If the cattle were found Schuman could take them from the party holding them, and Wirt would be under no obligation to Schuman. Again, Schuman no doubt had a special reason for getting the cattle. He was offering a reward for the thief and wanted evidence to convict the thief. If the cattle were found and secured to Schuman, he could have no action against Wirt, and the things which Wirt agreed to do for Schuman, were not illegal nor against public policy. He was under neither legal nor moral obligation to assist Schuman in finding the cattle. The cases cited by appellant are totally inapplicable. (4) Where the contract upon its face plainly expresses the terms thereof, it can not be varied or changed by parol evidence. This contract clearly expresses what was to be done by each party and can not be varied or changed

by parol evidence. *Bunce v. Beck*, 43 Mo. 266; *Smith v. Vanwyck*, 40 Mo. App. 523, 546.

SMITH, P. J.—The contract on which this action was brought is alleged in the petition to contain the following recitals:

*First.* That August Schuman (deceased father of plaintiff, administrator), on August 29, 1888, had stolen from him twenty-eight head of cattle. *Second.* That plaintiff on the second of September following bought a lot of cattle which were supposed to be said stolen cattle. *Third.* That plaintiff afterward sold said cattle, whereby they passed into the hands of other purchasers and it was not known to either of the parties exactly where they were. *Fourth.* That it was, therefore, agreed that plaintiff would immediately begin to assist the said Schuman in searching for and finding said cattle, upon the condition that the latter hold the former harmless to the extent of $490. *Fifth.* If the cattle were not found, the agreement to be void, but if the same or any part of them were found, then the plaintiff was to be held harmless from all the parties by reason of the transaction therein referred to, to the extent of $490 and no more. The petition alleged further that said cattle, by the work and assistance of plaintiff, were found and restored to said Schuman, and that plaintiff was compelled to pay to his vendees the purchase price, $498, whereby said Schuman became indebted to plaintiff in that sum, etc.

The answer pleaded a number of defenses, but the one upon which the principal reliance was placed at the trial was that of a want of consideration for the undertaking of the said Schuman. At the trial it was admitted that the cattle were stolen by Anna Doning and Ira Robinson, and that both of them had been indicted, tried, and sentenced to the penitentiary for

the crime. It was further admitted that the plaintiff had purchased the cattle of the above named thieves, for $498.90, in good faith and without knowledge that the same had been stolen from said Schuman.

The uncontradicted evidence disclosed the fact that immediately after the execution of the contract, plaintiff and young Schuman, the son of said August Schuman, got into a buggy and after riding a couple of miles, they came to the residence of a Mr. Burk, whom the plaintiff directed to show young Schuman the fifty head of cattle which he (Burk) had previously purchased of plaintiff; and that accordingly Burk took young Schuman to his pasture some miles away and there showed him (Schuman) the cattle, among which he identified sixteen head of those stolen from his father. On the next day, plaintiff enabled said August Schuman to get four more of his cattle which were found in the pasture of a Mr. Stephens, who had purchased them of plaintiff. It was in this way twenty head of the cattle were found and returned to said owner.

The uncontradicted evidence shows that the plaintiff made restitution to his vendees of the purchase price of the cattle so returned to the owner.

The defendant contends that the contract which is the foundation of this action is void and against public policy and, therefore, it will not be enforced by the courts. It is conceded that the plaintiff was not accessory to the theft of the cattle, but was a *bona fide* purchaser for value. He was not guilty of the violation of any law. If he had been the thief who stole the cattle, then, obviously, the contract in question, though performed by him, would be void. If he sustained this relation to the larceny, then the rule invoked by defendant, which is to the effect that when either party to an illegal contract or transaction applies to a court for aid, if the plaintiff can not open his case without showing

he has broken the law, the court will not assist him, whatever his claim in justice may be on the defendant, would be applicable. *Hatch v. Hanson*, 46 Mo. App. 323, and cases there cited.

How can the principle *ex dolo malo non oritur actio* apply in a case like this? The evidence does not tend to show that the plaintiff's cause of action arose *ex turpi causa*, or from the transgression of a positive law of his country. There is nothing in the transaction which shows that the plaintiff has broken the law and, therefore, he is not within its "inflexible interdict." In *Hatch v. Hanson*, after rather an extensive review of the cases where the courts had refused to lend their aid to the enforcement of contracts founded on moral turpitude, it was said by us: "In most, if not all, of these, the plaintiff was either compelled to prove an illegal contract in order to establish his claim or the action arose *ex turpi*, or from the transgression of a positive law of the state where the same was brought." But we have been unable to discover that this case falls within any one of the classes just referred to. The defendant cites a multitude of cases to show that it is the law in every jurisdiction, that a promise to do what a party is already bound to do, is a mere *nudum pactum*. But the question is not as to the existence of the rule, but rather as to its applicability. If the plaintiff had stolen Schuman's cattle, then he would have been under obligation, implied by law, to return them. It would have been, in such case, his moral and legal duty, to make restitution. But he was a purchaser from the thieves, in good faith, and a subsequent seller, without any knowledge that the cattle were the property of said Schuman. By that act he made himself liable to Schuman for conversion. *Duskey v. Rudder*, 80 Mo. 400; *Koch v. Branch*, 44 Mo. 546; *Williams v. Wall*, 60 Mo. 318;

*Rembaugh v. Phipps*, 75 Mo. 422; *Framer v. Faulkner*, 9 Mo. App. 34.

The cattle having passed through his hands under these circumstances, he became liable as in trover and conversion. A stolen chattel may, in that way, pass through the hands of many innocent persons and each would be liable to the owner as for conversion, though there could be but one satisfaction. But it will not do to say that each of such persons is under legal obligation to hunt up and return the chattel, which he has thus honestly and in good faith bought and sold. It might not avail a person who has thus converted a chattel to go to the expense and trouble of hunting it up and offering to return it, since the loser is under no obligation to receive it back. *Higgins v. Whitney*, 24 Wend. 379; *Otis v. Jones*, 21 Wend. 394; *Brewster v. Sullivan*, 38 N. Y. 423. If the person who has, in good faith, purchased a chattel of a thief and is still in possession, it is his duty to return it when demanded by the owner, but when it has passed out of his hands, it is not his duty to do so, for this may be out of his reach. His duty is to pay the damage occasioned by his wrongful conversion. This is as far as the law goes in such case. It thus appears that the plaintiff was under no contractual or implied legal obligation to return the cattle to Schuman. The promise of the plaintiff to assist Schuman in finding his cattle was not one that he was already under and bound to perform. It was no more the duty of the plaintiff to hunt up the cattle than it was that of any other person. Although liable for the conversion of the cattle, there is no reason why he could not contract with Schuman to assist in the work of hunting up and regaining the possession of such cattle, nor why the performance of this contract by plaintiff would not constitute a suffi-

cient consideration to support the promise of Schuman to recompense him therefor.

Assuming, as we must, that the plaintiff was not bound by any prior contract or other obligation to assist Schuman in finding and recovering possession of his cattle, the question remains to be considered whether the plaintiff performed the service contemplated in the contract, and if so, was the same a sufficient consideration to support the promise of Schuman therein contained. As has already been stated, the plaintiff did render Schuman such assistance as enabled him to find and recover his cattle. It is true that this was accomplished in a very short time. Through the active agency of plaintiff, the cattle were found and returned to Schuman, in less than two days. This was the consideration on which Schuman's promise rests. If the least benefit or damage be received by the promisor from the promisee, or a third person, or if the promisee sustain any, the least injury or detriment, it will constitute a sufficient consideration to render the agreement valid. *Marks v. Bank*, 8 Mo. 319; *St. Louis v. Gas Co.*, 70 Mo. 116; *Stillwell v. Aaron*, 69 Mo. 545; *Lancaster v. Elliott*, 55 Mo. App. 249; *Given v. Corse*, 20 Mo. App. 132. Inconvenience to the promisee is a sufficient consideration and when the court can see that there may have been such inconvenience, it will uphold the contract. It will shut its eyes to the inequality between the consideration and the promise. *Williams v. Jansen*, 75 Mo. 681.

In the last cited case it was stated that *any trouble or labor, however slight*, undertaken by one person, at the request of another, will support a promise by such other, although the trouble or labor be of no benefit to the promisor. Numerous cases are to be found in the reports illustrative of the application of the foregoing rules, but these need not be cited here, since they are

familiar to all. When tested by these rules, we think the consideration shown was sufficient to uphold the contract. As said by Judge SCOTT: "This court is not aware of any law which would justify it in releasing men from their lawful contracts, unless in cases of fraud, imposition, accident, or mistake in their creation." *Hempler v. Schneider*, 17 Mo. 258; *Lindell v. Rokes*, 60 Mo. 249. In this case there is no evidence of fraud, imposition, accident or mistake in the creation of the contract. The contract was deliberately entered into by Schuman. His son and agent accompanied him and after consultation with them he signed it. It is true that it appears that he was a German and that his knowledge of the English language was somewhat imperfect, yet it does not appear that he did not fully understand the nature of the contract he signed. It appears that a prior contract had been written by the attorney who wrote the one in issue, which Schuman declined to sign, for the reason that he was not satisfied with its provisions. The defendant offered to prove its contents, which offer the court rejected, and we think rightly. The meaning and effect of a contract in writing, logically deduced from the language in which it is expressed, by a correct application of the rules of construction, can not be varied, controlled, or affected by parol evidence of antecedent conversations and declarations of the parties. *County v. Wood*, 84 Mo. 489.

The provisions of the unsigned contract, to which Schuman objected and which were not incorporated in the one he did sign, had no greater force than any other parol declaration not assented to and not incorporated in a subsequent written contract between the parties, and proof of the contents of such unsigned and objected to provisions, was clearly inadmissible, under

the issue. *Tracy v. Iron Works*, 29 Mo. App. 342; s..c., 104 Mo. 193.

The defendant further objects that the trial court erred in rejecting his offer to prove by himself as a witness, the conversation which took place between his father and the plaintiff, at the time the contract was signed, for the purpose of showing the consideration thereof; or rather, that the consideration was the reimbursement of the plaintiff in the amount he had lost on account of the purchase of the cattle. This evidence was manifestly inadmissible, for the reason that the defense pleaded is that there was no consideration passing from plaintiff to Schuman to support the contract. It is not pleaded that the consideration for the plaintiff's promise was a promise on Schuman's part to pay plaintiff the amount of money which he had paid the thieves for the cattle, nor indeed is it alleged that his promise was immoral or contrary to public policy, and that the contract was void for any such reason. Under the issues made by the pleadings, Schuman was liable on his. promise, unless he showed that such promise was based on no consideration passing from plaintiff to him. Therefore, evidence tending to prove that plaintiff demanded of him a return of the purchase money paid by him for the cattle, or that he had agreed to pay the same if plaintiff would assist him in finding the cattle, would not be relevant to the issue.

No harmful error is perceived in the action of the court in the giving or refusing of instructions. It results that the judgment, which was for plaintiff, must be affirmed. All concur.