SANDERS' PRESSED BRICK COMPANY, Appellant, v. GEORGE R. BARR et al., Respondents.

St. Louis Court of Appeals, November 1, 1898.

1. **Mechanics' lien:** CONTRACT OF WAIVER OF. A valid contract, made in substitution for one of a prior date, annuls the obligation of the former, and of itself furnishes a sufficient consideration for the release of the first agreement.

2. **Substitution of Contracts.** The principle of the substitution of contracts, giving rise to the extinction of one by the execution of another, applies with equal, if not greater force, when the right of interest extinguished for the new agreement is neither vested nor resting in contract, but is wholly contingent.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

O. J. & R. LEE MUDD for appellant.

An objection to the introduction of any evidence because the pleadings fail to state a cause of action, is in the nature of a demurrer, and admits for the sake of its consideration, the truth of allegations of fact well pleaded. * * * If a cause of action may be gathered by fair inference from all the allegations of the pleadings, such objection should be overruled. Young v. Shickle, H. & H. Iron Co., 103 Mo. 324, loc. cit. 327; Lycett v. Wolff, 45 Mo. App. 489, loc. cit.

493. The right to file and maintain a mechanics' lien is a valuable property right, and its waiver or surrender must be supported by a valuable consideration. "A promise, for which there is no consideration, can not be enforced at law." Abbott v. Nash, 35 Minn. 451, loc. cit. 455; Boisot on Mech. Lien, sec. 732, p. 762; Phil. on Mech. Lien, sec. 272, p. 474. The written agreement of waiver, as alleged in the reply, purports no consideration and is, therefore, void, and there was no waiver unless a consideration may be shown by evidence other than the writing. Such consideration is alleged in both the answer and reply. The reply denies that set up in the answer, and then alleges the real consideration agreed on at the time of the writing, and its subsequent failure. This failure of the consideration for the release or waiver is a good defense against the waiver and its enforcement by defendant in this suit. Benson v. Mole, 9 Phila. (Pa.) 66; Abbott v. Nash, *supra*. "Where consideration is written in the contract quite generally, held, none other can be proven. * * * Where no consideration is expressed it may, nevertheless, be proven." 1 Pars. on Cont. [6 Ed.], p. 450, secs. 429–430; Bartlett v. Matson, 1 Mo. App. 151. "Where the consideration appears to be valuable and sufficient, but turns out to be wholly false or a mere nullity, or where it may have been actually good, but before any part of the contract has been performed by either party * * * the consideration wholly fails, a promise resting on this consideration is no longer obligatory." *Idem*, p. 485, sec. 462. "Consideration or its want may always be shown by extrinsic evidence in a controversy between the original parties to the contract, even though the evidence tends to vary the consideration stated in the instrument." Greer v. Nutt, 54 Mo. App. 4, loc. cit. 7; Sexton v. Anderson,

95 Mo. 373. "In order to give validity to a contract, as between the parties, it is indispensably necessary that it shall be predicated upon a sufficient consideration, or it is a mere *nudum pactum* and not enforcible either at law or in equity; and the same rule prevails when the consideration, upon which the promise rests, fails either in whole or in part." 6 Waite's Ac. and Def., p. 567, and numerous cases there cited. "As between the parties, either the want of the failure of a sufficient legal consideration is a complete defense to an action thereon." *Idem*, p. 573. "A note given * * * upon the agreement of the payee to do a certain thing which he has failed to do * * * is without consideration." *Idem*, p. 575, citing numerous cases. As illustrating plaintiff's contention and supporting the reply in this case, attention is called to the cases of Albrecht v. Lumber Co., 126 Ind. 318; Katzenbach v. Holt, 43 N. J. Eq. 536. It was contended at the trial that if defendant promised plaintiff to withhold from Barr the contract price as alleged, and pay same over to plaintiff, but failed to do so, then plaintiff's remedy is an independent action for breach of contract. * * * Mason v. Gass, 62 Mo. App. 449; Hancock v. Blackwell, 139 Mo. 440, loc. cit. 453; Brewster v. Brewster, 38 N. J. L. 119.

CLOPTON & TREMBLY for respondents.

While the contract is referred to in the pleadings as a contract of waiver of lien, yet, as a matter of fact, plaintiff never acquired even an inchoate lien and therefore had no lien to waive. It is the furnishing of materials for a building, etc., without any understanding to the contrary on the question of lien, that gives birth to an inchoate lien in favor of a materialman. In the case at bar the lien was not even begotten,

much less born, because the materials were furnished upon a distinct understanding between all the parties in interest that no lien should be claimed or filed therefor.. The court was, therefore, right in holding that inasmuch as the agreement was entered into before the materials were furnished, no consideration other than the mutual understanding of the parties was required to support the contract. Even if plaintiff had a waivable lien right when it entered into the agreement in question the slightest benefit accruing to one party, or the slightest inconvenience imposed on the other would be sufficient consideration to support it. The consideration disclosed by the reply for the contract in question is ample to support it. Wirt v. Schuman, 67 Mo. App. 163-172; Given v. Corse, 20 Mo. App. 132; Vogel v. Meyer, 23 Mo. App. 427; Isenman v. Fugate, 36 Mo. App. 166; Lancaster v. Elliot, 55 Mo. App. 249-254. Even though the consideration for the pleaded contract is a promise for a promise, as contended by appellant, viz., a promise to retain money from the contractor for the benefit of the plaintiff for a promise not to file a lien, yet such a contract is as valid and binding as though money had been paid, or property delivered therefor, and the parties must stand on their rights under that contract. 1 Wait's Actions and Defenses, p. 102, sec. 11 and numerous authorities there cited. If the agreement is to be treated as a contract of waiver of lien rather than an agreement forestalling a lien then it requires even less consideration to support the waiver of lien than the contract forestalling the lien. Griffith v. Gillum, 31 Mo. App. 33-41. No lien can be established against the premises of the Columbia Real Estate & Building Company described in the petition except as incident to a personal judgment against the contractor, George R. Barr. Barr defaulted and when the court

sustained the objection of the Columbia Real Estate & Building Company to the introduction of any evidence which would tend to establish a lien against its premises, plaintiff did not proceed with the trial and take a personal judgment against Barr, as it might have done, but took a nonsuit as to all the defendants. As to the Columbia Real Estate & Building Company that nonsuit was an enforced one by reason of the adverse ruling of the court, but as to Barr it was a voluntary nonsuit. A litigant can not complain of a nonsuit voluntarily taken. State ex rel. v. Iron Co., 83 Mo. 138; Chiles v. Wallace, 83 Mo. 84; Chouteau v. Rowse, 90 Mo. 191. Having taken a voluntary nonsuit as to Barr of which it can not complain, Barr is no longer before the court, can not be brought back into the case and it follows that no lien under any circumstances can now be established against the premises described in the petition, because no personal judgment can hereafter be rendered in this cause against Barr.

BOND, J.—The plaintiff asks for a personal judgment against the general contractor one Barr, and a lien upon the property of the owner of a building on account of material furnished in its construction. The answer of the owner admitted the making of a building contract with Barr, in consideration of which it averred that the plaintiff agreed in writing with the owner that it would furnish all the bricks required for the work of the general contractor, and expressly stipulated for a release of "all mechanics' lien, right and interest, which it (plaintiff) would otherwise have for any material which it might thereafter furnish." The reply of plaintiff alleged that it ratified a written contract made by one of its employees with the defendant owner "not to file any lien on said defendant's property for the material to be furnished and expressly

waiving a right to a lien" and containing no mention of
the consideration of said contract; that the considera-
tion orally agreed upon by the parties was that the
owner "should withhold from Barr, the builder, all of
the contract price for building the house, after pay-
ment of other inchoate liens, and out of the same to
pay plaintiff for its material before paying any such
contract price to Barr;" that in pursuance of such
agreement the materials were furnished and used; that
the owner disregarded such contract and paid over to
Barr, the builder, the entire contract price, wherefore
plaintiff averred there was a failure of consideration of
the contract waiving the lien, which rendered it una-
vailable as a defense to this action. The court sus-
tained the objection of the defendant owner to any tes-
timony, whereupon plaintiff took a nonsuit, with leave,
and its motion to set aside the same being overruled
duly appealed to this court.

The only question for review is the ruling of the
trial court upon the assumed verity of the foregoing
allegations of the pleadings. The right to
QUESTION for re-
view. enforce a mechanics' lien may be waived
by contract. It is alleged in the answer,
and more explicitly in the reply, that plaintiff entered
into a written contract with the owner of the building,
whereby such lien was expressly waived in advance for
all material to be furnished to the building, which was
to be paid for by the retention by the owner of a suffi-
cient sum for that purpose out of the money due the
general contractor. It was further pleaded that the
material for which the lien is sought to be enforced in
this action was subsequently furnished and received
under the above contract, and that the owner did not
carry out his contract with reference to the retention
of money for its payment, but paid over the entire

amount to the general contractor.    An analysis of the
contract pleaded shows that the consideration therefor
to the owner was the release of any and all rights to a
mechanics' lien upon the proposed building; that the
consideration to plaintiff was the making of a contract
by the owner for the construction of a building and the
reservation of enough of the contract price to pay for
the material which plaintiff should furnish under a con-
tract with the general contractor.    These considera-
tions were clearly sufficient to support the contract of
waiver of a mechanics' lien.    If the right expressly
waived by the plaintiff had been derived from a con-
tract and not from a mere possibility of statutory ap-
plication, still it would have been extinguished by the
subsequent agreement to that effect between the par-
ties under the well settled rule, that a
SUBSTITUTION of valid contract made in substitution for one
contracts.
of a prior date, annuls the obligation of
the former, and of itself furnishes a sufficient consid-
eration for the release of the first agreement.    Bishop
on Contracts, sec. 68; Lancaster v. Elliott, 55 Mo. App.
loc. cit. 255; Wirt v. Schuman, 67 Mo. App. 172; Pim v.
Greer, 64 Mo. App. 175. This principle of the substitu-
tion of contracts, giving rise to the extinction of one by
the execution of another, applies with equal, if not
greater, force when the right of interest extinguished for
the new agreement is neither vested, nor resting in con-
tract, but is wholly contingent. According to the plead-
ings in this case at the time of its contract of waiver plain-
tiff had no right inchoate or otherwise to a mechanics'
lien; it had furnished no material; had no contract au-
thorizing it so to do, nor had the owner entered into a
general contract for the improvement. Plaintiff secured
all this to be done in consideration of its contract of
waiver and thereafter furnished the material, the pay-
ment for which the owner agreed to secure as above

stated. That the owner failed to comply with its agreement in this respect, was undoubtedly a breach of contract, but that a mere breach of contract revives any prior rights which were waived or released by the terms of the contract, is a notion alike opposed to reason and authority. When a contract is broken either party may compel the other to respond in damages, but neither can treat the contract as a nullity and revive rights which were surrendered when it was entered into. The learned circuit judge evidently took this view of the responsibility of the parties under the allegations contained in their pleadings, hence there was no error in his exclusion of all testimony in the present suit to enforce a mechanics' lien. The judgment overruling the motion to set aside the voluntary nonsuit was correct, and it is affirmed. All concur.