EFFIE D. McCLURG, Respondent, v. L. E. WHITNEY, Appellant. | 82   625 <br> 98   ¹514

Kansas City Court of Appeals, February 5, 1900.

1. **Evidence:** LATTER CONTRACT SUPERSEDING FORMER: PAROL TESTIMONY. A writing complete and perfect in itself and unambiguous will supersede a prior written contract relating to the same subject-matter, and parol evidence will not be admitted to show that such was not the intention of the parties.

2. **Contracts:** LATTER SUPERSEDING FORMER: QUESTION FOR THE COURT. A receipt for a partial payment on real estate not inforcible by reason of its failure to describe the property is superseded by a latter contract fully describing the property and formal in every regard, and the interpretation of such contract is for the court and not for the jury.

VOL. 82 app—40

Appeal from the Jasper Circuit Court.—*Hon. J. D. Perkins,*
Judge.

REVERSED.

*Howard Gray* for appellant.

(1) The construction to be given the contracts was a
matter for the court and manifest error was committed in
submitting the question to the jury. Chapman v. Railway,
114 Mo. 542; Michael v. Ins. Co., 17 Mo. App. 23. (2)
The contract sued on described no property, shows on its
face that it was only a memoranda and was not signed by
the plaintiff. The contract relied on by the defendant was
dated two weeks later, is complete in every detail, describes
the property, executed in duplicate and signed by both parties.
These facts appearing plainly from the mere reading the
different papers, the court should have told the jury that the
subsequent contract took the place of the prior one. Chris-
man v. Hodges, 75 Mo. 413; Taylor v. Fox, 16 Mo. App. 527;
Brick Co. v. Barr, 76 Mo. App. 380: (3) The plaintiff
signed the subsequent contract and it is plain, contains nothing
misleading, and she will not be permitted to say now that she
did not regard it as a contract. Chrisman v. Hodges, 75 Mo.
413; Penn v. Brashear, 65 Mo. App. 24.

*E. O. Brown* for respondent.

(1) The court properly submitted to the jury the ques-
tion as to whether or not the evidence showed that the original
contract was superseded by the instrument of November 1,
1887. This was the controlling question in the case. If no
modification of the original contract had been made, then
plaintiff's rights were as expressed in the original contract.
Upon the plaintiff's own showing, therefore, it is clear that the
court committed no error in submitting that question to the

McClurg v. Whitney.

jury, and the jury were amply warranted by the evidence in finding that there had been no modification, change or substitution and that the plaintiff's rights under the contract of October 17 remained unimpaired.   Sutter v. Raeder, 50 S. W. Rep. 813; Mfg. Co. v. Iron Co., 29 Mo. App. 526.   (2)   The rule in this case is well settled that in the sale of land without condition there is an implied covenant on the part of the vendor to make a good, marketable title to the land, and unless the vendor is able to furnish such title within reasonable time then the plaintiff had the right to rescind the contract and demand the return of the purchase money.   Green v. Ditsch, 143 Mo. 1; Mitchner v. Holmes, 117 Mo. 185; Mastin v. Grimes, 88 Mo. 478; Wat. Spec. Per. Cont., sec. 412; 28 Am. and Eng. Ency. of Law [1 Ed.], 70, and note on 71; 28 Am. and Eng. Ency. of Law [1 Ed.], 76-92; Scott v. Davis, 42 S. W. Rep. 714-717; Wilhelm v. Fimple, 7 Am. Rep. 117; Breja v. Pryne, 64 N. W. Rep. (Ia.) 669; Am. Dig. 1896, p. 5499; Deichmann v. Deichmann, 49 Mo. 109; McManus v. Gregory, 16 Mo. App. 382; Hymers v. Branch, 6 Mo. App. 514; Soap Co. v. Sayers, 55 Mo. App. 16; Harwood v. Diemer, 41 Mo. App. 48.

GILL, J.—This is a suit for the recovery of the sum of one hundred and seventy-five dollars, being the amount paid by plaintiff on the execution of an alleged contract for the purchase of some town lots in the town of Ensenada, Lower California.   It is alleged in the complaint, filed before a justice of the peace, that defendant failed to carry out his contract to convey the property and plaintiff prayed judgment for return of the advance payment.   In his answer, defendant set up, in substance, that the instrument or receipt upon which plaintiff sued was only a memorandum or receipt for the $175, was not the real contract for purchase of the real estate, and that after said receipt was given the plaintiff and one Sloane signed a formal contract for purchase and sale of the

lots; that said contract between Sloane and plaintiff became a substitute for the original receipt, which then ceased to be of any further binding force or effect. At the trial in the circuit court the plaintiff had a verdict and judgment for the amount sued for and defendant appealed.

I. On facts that are undisputed in this record, the plaintiff can not recover, and the trial court should have given a peremptory instruction for defendant. So far as is necessary to state, the facts are as follows:

In October, 1887, one W. A. Sloane, then residing in southern California, placed in the hands of defendant Whitney for sale some lots in one of the "boom" towns of that country. Sloane had laid off an addition to Ensenada, and it seems had taken Whitney in as a partner—either by virtue of the payment of part of the consideration or for services to be performed in making sales. Whatever that arrangement was, is not material to this controversy. It is now sufficient to say that Whitney negotiated a sale of three of these lots to the plaintiff, Mrs. McClurg, the latter acting through Dr. McClurg, her husband. Whitney was not posted as to the numbers of the unsold lots, but McClurg agreed to give $350 for three of them, one of which was to be a corner lot, and thereupon one-half the purchase price was paid and Whitney gave the following receipt:

"Carthage, Mo., Oct. 17, 1887.

"Received of Effie D. McClurg one hundred and seventy-five dollars ($175), which is one-half payment for three lots one of which shall be on the corner of a block and which are located in the parcel of land known as the Sloan & Whitney addition of Ensenada, in Lower California. The remaining one-half payment is to be made in six months when the undersigned contracts to convey by proper deed to the said Effie D. McClurg the three lots as aforesaid.

"L. E. Whitney."

Without dispute, the evidence shows that immediately

on the payment of the $175 mentioned in the above receipt, defendant Whitney sent the money with a letter of advice to Sloane in California, and he, Sloane, at once executed in duplicate and returned to Whitney a formal binding contract, which was received by Whitney at Carthage and which was presented to the plaintiff, Mrs. McClurg, who signed the same, keeping one copy and returning the other to Sloane. That formal contract for the sale of the lots was as follows:

"This Certificate and Agreement, made and entered into this first day of November, 1887, at San Diego, California, in consideration of the payments hereinafter mentioned, Witnesseth, that Effie D. McClurg has this day contracted with W. A. Sloane for the purchase of lots Nos. 11, 12, 13, 14 in Block No. Three (3) in Sloane & Whitney's Subdivision of 6 1-4 acres, lots No. 288, 289 and 290 of the town of Ensenada, Lower California, Mexico, according to the official map thereof on file in the office of records in said town, for the sum of $350, of which sum $175 has been paid. The balance thereof, $175, to be paid to the said W. A. Sloane, at his office in San Diego, California, or to his authorized agent at Ensenada on or before six months from this date, with interest at the rate of eight per cent per annum.

"On receipt of said deferred payment and interest, in accordance with the above stipulation, the said W. A. Sloane agrees to execute and deliver to the said party or his assigns, a good and sufficient title deed to the above described property.

"In witness whereof, we have hereunto signed our names the day and year above mentioned.

"W. A. Sloane,
"Effie D. McClurg, Purchaser."

Like many other real estate ventures of that period the "bottom fell out" of Ensenada and the property became almost valueless. Nearly ten years after the above transaction plaintiff met defendant Whitney, and after some talk

as to whether a deed could be had to the property, and Whitney advising the plaintiff that the property was of very little value, that it was not worth the amount of the deferred payment, etc., plaintiff thereupon demanded of the defendant the return of the $175 which she had advanced on the purchase. This being refused, this action was brought with the result before stated.

At the trial, Dr. McClurg was allowed to give his opinion as to what he considered the legal import of the two instruments of writing quoted above. And though he testified in cross-examination that "when this receipt was taken Dr. Whitney told him he Whitney) didn't know what lots he (McClurg) would get and that he (Whitney) would write to Sloane and have him sign the papers and send them out here (to Carthage) so he (McClurg) would know what he would get and that the paper came and his wife signed it," etc. He (McClurg) gave it as his understanding that the formal contract, received and signed by Sloane and Mrs. McClurg, was of no consequence or binding force except to furnish a description of the property purchased, and that the original receipt signed by Whitney was the sole and only contract between the parties.

This testimony of Dr. McClurg was clearly incompetent. The construction of these writings was a matter for the court and not for the witness. In the absence of fraud or imposition (and of this there is not a shadow of suspicion) parties are bound by their written agreements. The contract dated November 1, 1887, is clear and complete and fully covers every feature of the transaction. It is impossible to give that contract full force and effect without assuming that it was executed in pursuance of or as a substitute for the memorandum made two weeks prior thereto. Everything that was said or done prior to the execution of the formal contract of November 1 became merged in the terms of the latter, and it alone became a memorial of the contract between the parties.

It is well-settled law, that a contract in writing which is complete and perfect in itself and not ambiguous in its terms, will be held to supersede a prior written contract in relation to the same subject-matter, and parol evidence will not be admitted to show that such was not the intention of the parties. Chrisman v. Hodges, 75 Mo. 413. It is also the settled rule "that a valid contract made in substitution for one of a prior date, annuls the obligation of the former". Pressed Brick Co. v. Barr, 76 Mo. App. 380, and authorities cited.

II. It is manifest upon the face of the papers that the writing of October 17 was given as a mere receipt for the money paid and as a memorandum to hold good until a good and sufficient contract should be executed by Sloane in whom the title was supposed to rest, and that the writing of November 1 was intended as the one and only binding contract for the purchase and sale of the property. The paper first executed was not in fact a good and enforcible contract for the sale of real estate since it failed to describe the property, while the writing last signed and executed by Sloane and Mrs. McClurg was perfect and complete in all respects. It would then be absurd to hold that the parties intended the informal and incomplete memorandum or receipt of October 17 as the contract, whereas they subsequently signed another which was in every respect complete and sufficient.

The trial court not only erred in admitting the above recited testimony, but erred also in submitting the interpretation of these writings, as well as their legal import, to the jury, as was done by instructions given at plaintiff's request. These were matters properly for the court and not the jury. Michael v. Ins. Co., 17 Mo. App. 23; Taylor v. Fox, 16 Mo. App. 527. Since then the record shows that the alleged contract on which this suit was brought had been abrogated and supplanted by another, it must follow that no action can be maintained on the former. The judgment then, which was for the plaintiff, must be reversed. The judges all concur.