F. P. HOWARD, Respondent, v. ADAM SCOTT, Appellant.

Kansas City Court of Appeals, March 2, 1903.

Construction: EVIDENCE: SUBSTITUTION OF CONTRACTS. A writing complete in itself without ambiguity will supersede a prior written contract relating to the same subject-matter, and parol evidence is inadmissible to show such was not the intention of the parties, and such contract annuls the obligations of the first; and this principle is applied to a series of contracts set out in the statement.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs*, Judge.

AFFIRMED.

STATEMENT BY BROADDUS, J.

On October the 25, 1897, the plaintiff and defendant entered into the following agreement, viz.:

"Joplin, Mo., October 25, 1897.

"This agreement is hereby entered into, by and between Adam Scott and F. P. Howard, that any amount or amounts of money, with interest, that may be advanced from time to time by F. P. Howard in excess of the amount or amounts by Adam Scott, in any kind of business in which they may be engaged, shall be repaid to F. P. Howard from the first net receipts or profits from any of the kinds of business in which they may be engaged together; then profits shall belong to each in proportion to his share in the business."

The evidence disclosed that the parties entered into the mining business and that while so engaged plaintiff paid into the business $2,816.38 more than the defendant, and that the same was not satisfied out of any profits realized from their joint enterprise.

On October 14, 1898, the plaintiff with one Maris, who had an interest with him in the business, and the defendant entered into the following contract, viz.:

"Joplin, Missouri, October 14, 1898.

"This memorandum of agreement, witnesseth: that for and in consideration of one dollar in hand paid, the receipt whereof is hereby acknowledged, and the further stipulations and agreements hereinafter contained and agreed to by F. P. Howard and J. M. Maris, parties of the first part, and Adam Scott, or his assigns, party of the second part, said parties of the first part hereby agree to sell and transfer a five-eighths interest in mining lots Nos. 20, 21, 22 and 23, at Oronogo, Missouri, as shown by plat and record of said lots in the office of the Granby Mining Company, together with plant and all fixtures and improvements situated thereon, being known as the 'Nugget Mine,' for and in consideration of the further payment to them by said Scott or assigns, the sum of ten thousand dollars, which amount being the amount of money advanced and put into all the various enterprises and mining interests, in which the said parties hereto have been interested in, in the mining business in Jasper county, Missouri, under the firm name of F. P. Howard & Company, and this conveyance is construed to cover all fixtures, properties, credits, etc., of the said firm of parties hereto, and said Scott, or assigns, are to assume all liabilities of said firm, a schedule of which is hereto attached, and it is agreed by said parties hereto, that whatever receipts above expenditures during the pendency of this agreement are to be applied in payment of said liabilities. The above consideration to be paid as follows, viz.: all cash upon receipt of assignment papers, and it is agreed by parties of the first part that said Scott, or associates, shall have thirty days to make and accept under the terms of this agreement, and a failure to do so will render this contract null and void.

"In witness where of we have hereunto subscribed our names on the date first above mentioned. Adam Scott. F. P. Howard 3-8. J. M. Maris 2-8. Pr. F. P. Howard."

On November 11, 1898, plaintiff and said Maris executed the following writing, viz.:

"Joplin, Missouri, Nov. 11, 1898.

"We hereby grant an extension of time on a certain contract made and entered into by us with Adam Scott, bearing date of October 14, 1898, for a further period of twenty days, upon the same terms, conditions, etc., as set out in said contract. F. P. Howard. John M. Maris."

On the 23d day of November, 1898, the parties entered into the following contract, viz.:

"This agreement made this 23d day of November, A. D. 1898, between F. P. Howard and J. M. Maris, of Decatur, Illinois, parties of the first part, and Adam Scott and . . . of Joplin, Missouri, parties of the second part, witnesseth: That the said F. P. Howard and J. M. Maris, in consideration of the agreement hereinafter contained, to be performed by Adam Scott and . . . ., agree to sell and deliver to the said Adam Scott and . . . a five eighths interest in mining lots numbers twenty, twenty-one, twenty-two and twenty-three at Oronogo, Missouri, as shown by the plat and record of said lots in the office of the Granby Mining Company, together with plant and all fixtures and improvements situated thereon, said plant being known as the Nugget Mine. And the said Adam Scott and . . . in consideration thereof, agree to pay to the said F. P. Howard and J. M. Maris the sum of $10,000 in the manner following: two thousand dollars cash upon the delivery of the property and the balance, eight thousand dollars, to be made payable in eight equal installments of one thousand dollars each, the first installment to be paid January 1, 1899, and the following installments to be paid on the first day of each succeeding

month thereafter until all the installments are paid; the said sum of eight thousand dollars to be secured by judgment notes and a chattel mortgage on the property sold and transferred by the parties of the first part. Said notes to draw seven per cent interest from date until paid; and in case of failure of the said parties of the second part to make either of the payments or perform any of the covenants on their part, the parties of the first part shall have the option to declare the whole amount due, and shall have the right to take possession of said goods and chattels under their mortgage and sell the same according to law.

"And the said parties of the second part for a further consideration agree to pay $767.09 for bills outstanding against the said parties of the first part prior to October 1, 1898, and to pay all bills contracted by the said parties of the first part in the carrying on of their business, since October 1, 1898, to the date of this instrument, said amount being agreed upon on this date.

"Said parties of the second part further agree to keep said mill and machinery insured to its fullest extent and made payable to the parties of the first part as their interest may appear.

"The said parties of the first part agree to give to the parties of the second part fifteen days of grace in case of failure to pay any of said notes above referred to.

"In witness whereof, the parties to these presents have hereunto set their hands and seals the day and year first above written.

"F. P. HOWARD    (Seal)
"JOHN M. MARIS    (Seal)
"ADAM SCOTT    (Seal)."

The cause was submitted to a referee who found for the plaintiff the amount sued for. The finding of the referee was sustained by the court and judgment rendered thereon, from which defendant appealed.

*Frank L. Forlow* for appellant.

Our position is now, and was before the referee, and afterwards before the trial court, that the plaintiff had been fully paid all moneys that were due him under that agreement for the reason that defendant had complied with the terms and conditions of exhibit "F," and that exhibit "I" is no more than a bill of sale for the property, which plaintiff and Maris were bound to execute to defendant.  The full amount was paid as agreed in the option marked exhibit "F."  The fact that the time of payment was made different dates and extended could not change the former agreement, as the referee finds that exhibit "F" released the claim of plaintiff if that was carried out, had it not been for the agreement known as exhibit "I."

*Thomas & Hackney* for respondent.

The contract of November 23, 1898, exhibit "I," being a contract entered into subsequent to exhibit "F," covering the same subject-matter and providing different terms, superseded and did away with exhibit "F," and became the only contract between the parties. McClurg v. Whitney, 82 Mo. App. 625; Brick Co. v. Barr, 76 Mo. App. 380; Tuggles v. Callison, 143. Mo. 536.

BROADDUS, J.—The defendant contends that the writing introduced in evidence shows that the indebtedness was discharged.  The writing dated October 14, 1898, provides for a sale of the five-eighths interest of plaintiff and said Maris in certain mining lots to the defendant for the sum of $10,000, which is stated to be "the amount of money advanced and put into all the various enterprises and mining interests, in which the said parties have hereto been interested in, in Jasper

county." It is further provided that defendant Scott should have thirty days to accept and comply with the terms of said writing. On November 11th, as we have seen, an extension of time for twenty days was given to defendant by plaintiff and Maris on said contract "upon the same terms and conditions." On the 23d day of November, next thereafter, the sale of plaintiff's interest with that of Maris to defendant was consummated, as shown by said last-named ruling. It will be noted that this latter ruling does not include the statement quoted from the former or preliminary writing that the consideration was the "amount of money advanced and put into all the various enterprises and mining interests," of the parties.

The conclusion of law by the referee, which was approved by the court, was that the writings dated October 14, 1898, and November 23, 1898, "do not contain provisions releasing claim sued for" because the latter supersedes the former and does away with its provisions.

It is the law that a contract in writing, complete and perfect in itself, not ambiguous in its terms will be held to supersede a prior written contract in relation to the same subject-matter, and parol evidence will not be admitted to show that such was not the intention of the parties (McClurg v. Whitney, 82 Mo. App. 625); and that a valid contract made in substitution for a former one, annuls the obligations of the first. Pressed Brick Co. v. Barr, 76 Mo. App. 380. There can be no doubt but what the first writing was a mere agreement for a sale, and that the latter contains the terms and conditions of a complete sale, and as such there being no ambiguity in its provisions it supersedes the first *in toto*. An inspection will show that the two vary greatly in their provisions. And as it was competent for the parties when they came to conclude the transaction to vary the terms of the preliminary agreement for sale; and having done so by writing, we do not see

how we can hold otherwise than that the last was a complete substitution of the former. We are forced by this conclusion to hold that the judgment of the trial court was proper on the issue as presented.

Cause affirmed. All concur.