CHARLES GREEN, Respondent, v. MATHIAS DOUGHERTY
et al., Appellants.

St. Louis Court of Appeals, November 21, 1893.

1. **Principal and Surety**: DISCHARGE OF LATTER.   If the holder of a
   judgment releases a lien obtained under it on property of the judg-
   ment debtor, the sureties on a bond of the latter, given for the pay-
   ment of the judgment, are thereby discharged to the extent of the
   value of the property released.

2. **Attachments**: EFFECT OF RECOVERY OF JUDGMENT ON LIEN OF
   ATTACHMENT.   When the plaintiff in a suit by attachment recovers
   judgment, the lien of the judgment merges that of a levy of the writ
   of attachment on land, subject to the doctrine of relation in the
   determination of priorities.   Accordingly, the lien of such levy is
   lost, if the lien of the judgment is allowed to expire by limitation. .

3. **Judgments**: LIEN ON LAND.   The duration of the lien of a judg-
   ment on land of the judgment debtor will not be extended through
   the recall and stay of execution on motion of such debtor, and the
   giving of bond, under section 2406 of the Revised Statutes of 1879,
   for him.

*Appeal from the Circuit Court of the City of St. Louis.—*
HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*Valle Reyburn* for appellants.

*G. A. Finkelnburg* for respondent.

(1) The attachment upon the real estate was
merged into the judgment rendered in the case Feb-
ruary 16, 1888.   After the rendition of the judgment
the lien theretofore existing under the attachment
ceased, and the lien of the judgment began to run.
Drake on Attachment, sec. 224a; Waples on Attach-
ment, p. 583.   It follows that, when the present plain-

tiff bought the property from McKenna (March 21, 1889), he bought it subject to a judgment lien, and this judgment lien expired at the end of three years from the day the judgment was rendered; that is to say, it expired on the fifteenth day of February, 1891. Revised Statutes, 1889, sec. 6012. The lien of an attachment does revive on the expiration of the judgment lien. Drake on Attachment, sec. 224a; *Bagley v. Ward*, 37 Cal. 121. (2) The fact that the plaintiff in the attachment could not enforce his lien, owing to the stay of the execution, will not serve to extend his lien. *Christy v. Flanagan*, 87 Mo. 670; *Chouteau v. Nuckolls*, 20 Mo. 442. A judgment lien is purely statutory, and cannot be extended beyond the term prescribed. *Christy v. Flanagan*, 87 Mo. 670, 672; *Warner v. Veitch*, 2 Mo. App. 459.

BIGGS, J.—This action is brought by the plaintiff as assignee to enforce the obligation arising out of an alleged breach of the following bond:

"Know all men by these presents, that we, John Finn, for James McKenna, as principal, and we Joseph P. Whyte and M. Dougherty, as sureties, of the city of St. Louis and state of Missouri, are held and firmly bound unto James Harrigan, of the city of St. Louis and state of Missouri, in the sum of four hundred ($400) dollars, to be paid to said James Harrigan, his executors, administrators or assigns, to the payment whereof we bind ourselves, our heirs, executors and administrators, firmly by these presents. Sealed with our seals, and dated the twenty-fifth day of May, A. D. 1888.

"The condition of this obligation is, that, whereas the circuit court, city of St. Louis, upon the application of James McKenna has stayed the execution for one hundred and forty-six (146) dollars in favor

of said James Harrigan, and levied upon real estate of said McKenna in said city. Now, if the said application of said McKenna be finally determined against him and he will pay the debt, damages and costs, to be recovered by said execution, or render in execution all his property liable to be seized and taken or sold by such writ, or if the said sureties will do it for him, then this obligation shall be void; otherwise it shall remain in full force and effect.

> "John Finn, [SEAL.]
> "Jos. P. Whyte, [SEAL.]
> "M. Dougherty, [SEAL.]

"Signed sealed and delivered in presence of

> "Phillip H. Zepp, Clerk.

(Indorsed on the back.)

"For value received I hereby assign all my right, title and interest, in and also the within bond, this twenty-eighth day of May, 1891, to Charles Green.

> "James Harrigan.

"Witness,

> "Wm. E. Garvin."

The answer contained a general denial, and as a special defense it was averred that on the twenty-eighth day of May, 1891, the plaintiff herein paid to Harrigan the full amount of the judgment and costs in the attachment proceeding, and that, instead of entering satisfaction of the judgment as he ought to have done, Harrigan wrongfully and unlawfully assigned the judgment to the plaintiff. The case was tried by the court sitting as a jury, resulting in a judgment for plaintiff in the sum of three hundred dollars. No exceptions were saved as to the evidence, and no instructions were given on behalf of either plaintiff or defendants. The only point saved is the refusal of the circuit court to give an instruction of nonsuit.

The leading or essential facts, being chiefly established by the records and proceedings in the attach-

ment suit mentioned in the bond, are not the subject of controversy. We gather the following facts from the documentary proof. On the eighth day of December, 1887, Harrigan commenced his attachment suit against McKenna and Finn, which action was based on a promissory note alleged to have been executed by McKenna to Finn, and by Finn indorsed to Harrigan. At the time this suit was begun McKenna was a nonresident, and he was the owner of certain real estate in the city of St. Louis. This property was levied on under the writ of attachment against him. Finn was personally served, and McKenna was brought in by publication. On the sixteenth day of February, 1888, the suit was dismissed as to the defendant Finn, and a default and final special judgment entered as to McKenna for $146. On the twenty-fourth of May following McKenna, acting presumably under sections 457 and 458 of the Revised Statutes of 1879, which were then in force, filed a petition to set aside and vacate the judgment rendered against him, and setting up a defense to the note. A special execution having been previously issued on the judgment, McKenna on the same day filed a motion to recall it. It was ordered to be recalled on condition that a bond be given. (Section 2406, of Revised Statutes of 1879.) In pursuance of this order the bond in suit was filed and approved, and on the twenty-fifth day of May, 1888, an unconditional order was entered recalling the execution. On the eighth day of October, 1888, a motion was filed to vacate the order recalling the execution, and on the twenty-third day of November the latter motion was sustained by consent of parties; but before this latter order was entered, to-wit, on November 22, 1888, McKenna instituted a new and independent suit to vacate the judgment. This last suit was not brought to trial

until November 13, 1890, when upon a hearing of the evidence the plaintiff was nonsuited. A motion to set aside the nonsuit was overruled on December 17, 1890. On the third day of April, 1891, by the consent of parties the following judgment was entered in said cause: "Now at this day come said parties by their respective attorneys; thereupon, on motion of plaintiff (defendants consenting), it is ordered that defendants' petition filed herein on May 24, 1888, be dismissed, the plaintiff's special judgment herein, of date February 16, 1888, stand absolute, and that plaintiff have a general judgment in his favor and against defendants for $146, with interest at the rate of eight per cent. from February 16, 1888, and his costs herein, and have execution therefor." (Section 460 of the Revised Statutes of 1879.) On the ninth day of April, 1891, a special execution was issued under this last judgment, and on May 5, 1891, the real estate originally attached was levied upon and advertised to be sold on the twenty-eighth day of May, 1891. The foregoing is the record evidence pertaining to the controversy, concerning which there is no dispute.

In addition the plaintiff's evidence tended to prove that in the year, 1889, he, for a consideration of $3,500, purchased from McKenna the real estate mentioned, and had received from him a good and sufficient deed therefor, dated February 7, 1889, and recorded March, 25, 1889; that, when the plaintiff was notified of the levy under the last execution, he purchased the judgment from Harrigan, which together with the bond sued on was for a valuable consideration assigned to him by Harrigan, and that he thereupon stopped the sale and instituted the present action.

The conditions of the bond are that McKenna either pay the judgment and costs, or render in execution all of his property liable to be seized and taken or

sold under the execution. While it is not claimed by the defendants that McKenna has paid the debt, it is insisted that he rendered in execution his property which was liable to seizure and sale under the execution, and which was of much greater value than the amount of the judgment, and that by order of the plaintiff, who claimed to have purchased the judgment, the property was released from the levy, thereby relieving the defendants from all liability on the bond.

The equity principle is well established and recognized in this state that, if a judgment creditor releases a lien he may have secured by levy on the property of the judgment debtor, the sureties of the latter are discharged to the extent of the value of the property so released. *Lower v. Bank*, 78 Mo. 67. Applying this rule to the facts, the question presents itself, whether the real estate in the hands of the plaintiff was liable for the payment of the judgment? If not, then the defendants were in no way prejudiced by the action of the plaintiff in stopping the sale.

It is undoubtedly true that the plaintiff bought the property subject to the lien of the original judgment against McKenna, but that lien expired by limitation on the sixteenth day of February, 1891. That was the only lien against the property. The attachment lien, which was merely conditional or hypothetical, was merged in that of the judgment (Drake on Attachments [7 Ed.], section 224*a;* Waples on Attachment, p. 583); and it did not revive on the expiration of the judgment lien. Drake on Attachments, section 224*a.* *Bagley v. Ward*, 37 Cal. 121. Mr. Drake says, (section 224*a, supra):* "The power to levy by virtue of an attachment does not survive the recovery of judgment in the action, and no new right or interest in the property of the defendant can be thereafter acquired under it. And when, in a suit by attachment,

the plaintiff obtains a judgment which, by the existing law, is a lien upon the property attached, the lien of the attachment becomes merged in that of the judgment, and the only effect thereafter of the attachment lien upon the property is to preserve the priority thereby acquired, and this priority is maintained and enforced under the judgment. If the plaintiff neglect, within the lawful period of his judgment lien, to subject the property to execution, the lien of the attachment does not revive on the expiration of the judgment lien.''

It logically follows that, at the time McKenna's petition to vacate was dismissed (April 5, 1891) and the original judgment made absolute, the plaintiff held the property free from all liens. It is no answer to say that the lien against the real estate could not have been enforced earlier. The bond could not extend the lien of the judgment beyond the statutory period. It has been so held in the case of an appeal, where a *supersedeas* bond has been given. *Christy v. Flanagan*, 87 Mo. 670; *Chouteau v. Nuckolls*, 20 Mo. 442.

The other evidence tended to show that the plaintiff is the legal owner of the judgment, and that he held the bond by a valid assignment. Under the views expressed the breaches of the bond are obvious. McKenna did not pay the judgment, and did not render in execution the real estate owned by him at the time the original judgment was entered; nor could he do so, since he had sold it to the plaintiff and the judgment lien thereon had expired. We will, therefore, affirm the judgment. All the judges concur.