S. H. STEWART, Respondent, v. ROBERT N. GIBSON *et al.*, Appellants.

St. Louis Court of Appeals, May 11, 1897.

1. **Judgment against Intestate, Right of Action against Heirs to Revive.** In an action against the heirs at law of an intestate, to revive a judgment against the intestate, it was not necessary, to entitle him to maintain the action, for plaintiff to show that the intestate died seized of real estate or that the heirs had received or inherited from him land which ought to be subjected to the payment of the judgment.

2. ———: PERSONAL LIABILITY OF HEIRS. In such case, the judgment of revivor imposed no personal liability on the heirs of the intestate.

3. ———: PARTIES. Nor was it necessary, in such case, that the administrator of the intestate should be made a party to the suit.

4. ———: PARTIES, DEFECT OF: WAIVER. By filing an answer and going to trial defendants waived any objection as to defect of parties.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

AFFIRMED; Judge BOND concurring, Judge BLAND not sitting.

*J. D. Barnett* for appellants.

A judgment rendered in a proceeding by *scire facias*, is a new judgment. *Walsh v. Bosse*, 16 Mo. App. 231. This new judgment can not be rendered against the defendants, unless their liability appears on the face of the pleadings.

Plaintiff attempts to make defendants liable in this action under section 6016, Revised Statutes 1889. He does not allege that the defendants are either the legal representatives, the terre tenants, or persons occupying lands of the original defendant; but he seeks to recover against defendants simply as the children of his original debtor.

*Emil Rosenberger* for respondent.

This is not a new judgment. The judgment is for the original amount with interest from the date of the original judgment. All that was decided in *Walsh v. Bosse*, 16 Mo. App. 231, cited by appellant, is that the revival of the lien operates to avoid the statute of limitations.

Admitting, for sake of argument, that the action should have been brought against the administrator of the intestate, the defendants have waived that point by answering. *Walker's Adm'r v. Deaver*, 79 Mo. 664.

BIGGS, J.—On the fifteenth day of February, 1893, the plaintiff obtained a judgment against Hugh B. Gibson in the circuit court of Montgomery county. Gibson died intestate in December, 1894. The present action is to revive the judgment. The defendants are the children and only heirs at law of Gibson. They appeared to the action and filed an answer, in which they admitted the death of Gibson; that they were his

children and heirs at law, and that the judgment was rendered as alleged in the petition. They averred that the action ought not to be maintained against them for the reason that their father died seized of no real estate, and that they had not received from him or his estate any kind or description of property. Upon the admissions in the answer the circuit court entered a judgment in favor of the plaintiff, to which the defendants excepted.

The position assumed by the defendants is that to entitle the plaintiff to maintain the action against them, it devolved upon him to show that RIGHT of action against heirs to revive judgment against intestate. their father died seized of real estate or that they had received or inherited from him land which ought to be subjected to the payment of plaintiff's judgment. In answer to this it is sufficient to say that Gibson may have made a fraudulent disposition of land which might make it important for the plaintiff to keep the lien of his judgment in force.

Again, it is urged that the judgment of revival is in effect a new judgment for the payment of which the defendants are made personally liable. PERSONAL liability against heirs. Counsel is in error as to the latter proposition. The statute provides that a judgment may be revived against the heir or devisee of a deceased defendant. It also provides in effect for the issuance of an execution against such heir or devisee, provided the execution concerns real estate received or inherited by him from the ancestor, but not if the levy of the execution concerns personalty. Sec. 6024, R. S. 1889. This shows conclusively that in such a case the judgment of revivor imposes no personal liability on the heir or devisee.

Neither is the point well taken that the administrator of Gibson was a necessary party. Section 6024

PARTIES. of the statute provides that the service of the *scire facias* may be had on "the legal representatives" of a deceased defendant. Here the term "legal representatives" has a twofold meaning. In proceedings affecting land it means the heir or devisee. As to personalty the administrator or executor is meant. Therefore if the plaintiff seeks, by the revival proceedings, to affect land only, there can be no good reason for making the executor or administrator a party. So if the obtaining of a new judgment is for the purpose of allowance only as

DEFECT of parties: waiver. provided by section 6024 of the statute, there would be no necessity for making the heir or devisee a party. As to this assignment it may also be suggested that the defendants, by filing an answer and going to trial, waived any objection as to a defect of parties defendant.

Our conclusion is that the judgment ought to be affirmed. It is so ordered. Judge BOND concurs; Judge BLAND is absent.