WILLIAM ARMSTRONG, Appellant, v. MARY CROOKS, Respondent.

**St. Louis Court of Appeals, January 30, 1900.**

1. **Judgments:** SUIT TO REVIVE JUDGMENT: PLEADING AND PRACTICE. A suit to revive a judgment is not the beginning of a new suit, but a continuance of the original one.

2. ———: ———: ACTION: SCIRE FACIAS: PLEADING. The action to revive a judgment is not begun by the filing of a petition and suing out summons as in ordinary actions, but by suing out a writ of *scire facias,* which should contain within itself a recital of the essential facts necessary to authorize the court (if they are found true) to enter a judgment of revival.

3. ———: ———: WRIT OF SCIRE FACIAS. The writ of *scire facias,* not the petition which is usually filed asking for its issuance, is the foundation of the action, and the suit can not be commenced in any other manner, or by any other pleading, than by the issuance of this writ.

4. Record: JUDGMENT: PLEADINGS. Where there are no pleadings there can be no judgment, and where the pleadings fail to state any cause of action, the judgment rendered thereon will be pronounced a nullity.

5. ———: ———: JURISDICTION: CORAM NON JUDICE. In the case at bar the record discloses the fact that the circuit court had no jurisdiction over the subject-matter, and that the judgments of revival were *coram non judice.*

Appeal from the Audrain Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

*Fry & Clay* for appellant.

(1) "A proceeding by *scire facias* to revive a judgment is an action and the judgment therein is a new judgment." Walsh v. Bosse, 16 Mo. App. 231; Kratz v. Preston, 52 Mo. App. 253. We submit that Walsh v. Bosse, *supra,* is conclusive as to the correctness of appellant's contention. (2) The petition, service upon respondent (which was by certified copy of petition and summons) and judgment in the revival suit was of the nature of a suit upon a former judgment. The judgment therefore of said suit was a valid judgment, even though there may have been some irregularity in the former judgments or transcript. Pratt v. Morrow, 45 Mo. 401; Sheehan v. Simms, 28 Mo. App. 64; McLaran v. Wilhelm, 50 Mo. App. 658. (3) "Every presumption is indulged in favor of the regularity and validity of a judgment." Bearden v. Miller, 54 Mo. App. 199. "Where there is no question of jurisdiction, the law conclusively presumes that the judgment rendered is lawful, and courts will so construe

it as to give it its proper legal effect." Merrick v. Merrick, 5 Mo. App. 123.

*George Robertson* and *H. H. Larimore* for respondent.

(1) The judgment of the Audrain circuit court sustaining the motions to quash the execution and set aside the judgments previously entered was properly rendered. No revival of the transcript filed in 1883 in the circuit court was had in 1893—the petition prays for a revival of the judgment of the justice and not for a revival of the transcript filed. Judgment must be entered in conformity with the pleadings. Ramsey v. Henderson, 91 Mo. 560; White v. Bush, 58 Mo. 105. (2) The attempted revival of June, 1893, was a nullity. Defendant was never served with process and said respondent never entered her appearance to the same. Bell v. Brinkman, 152 Mo. 270; Smith v. Ross, 7 Mo. 463; Anderson v. Brown, 9 Mo. 646; Roach v. Barnes, 33 Mo. 319. (3) No scire facias was ever issued to revive the judgment filed in the Audrain circuit court December, 1883. The statute points out how a judgment must be revived. R. S. 1889, sec. 6013; Ins. Co. v. Hill, 17 Mo. App. 590.

BLAND, P J.—On September 30, 1896, the following judgment was rendered against respondent by the Audrain Circuit Court, to wit: "Now on this thirtieth day of September, 1896, the above cause coming on for trial, upon plaintiff's petition to revive his judgment against the defendant, and the court finds that the defendant has been personally served with writ of *scire facias* as under the law in such cases provided, and this cause is submitted to the court, and the court finds for the plaintiff and doth order, adjudge and decree that plaintiff's judgment be, and the same is hereby

revived from this date, in and for the sum of $146.30 and costs, said judgment to bear ten per cent compound interest from this date until paid, and the court doth adjudge that the plaintiff have, and recover of, and from the defendant, said sum of $146.30 with interest and cost, and that he have execution therefor."

On March 9, 1899, a general execution was issued on this judgment and delivered to the sheriff of Audrain county and a levy was made by him on certain described real estate as the property of the defendant in the execution, Mary Stewart. At the term of court to which the execution was returnable, respondent filed a motion to review the records upon which the judgment and execution were founded, and the following motion to quash the execution, to wit:

"Now comes the defendant herein and moves the court to quash the execution issued herein, for the reason that there is no judgment upon which to issue the same and because the judgment upon which the same is issued is void, and further, for the reason that more than ten (10) years has elapsed since the rendition of the judgment herein and more than ten (10) years had elapsed before the issue of said execution, since the rendition of the judgment herein."

In support of the motion to review and to quash, the respondent offered the following evidence. First, a judgment against respondent and in favor of appellant, rendered by a justice of the peace August 29, 1883, for $68, with ten per cent compound interest; second, issuance of execution by the justice and return of same by constable not satisfied; third, transcript of this judgment and return filed in clerk's office December 13, 1883; fourth, the following judgment rendered by the Audrain Circuit Court February 4, 1890, to wit: "Now, on this fourth day of February A. D. 1890, comes the parties by their counsel, and all and singular the matters are submitted to the court which having been seen

and heard by the court, the court doth find that on the twenty-ninth day of August, 1883, judgment was rendered by D. H. Harris, J. P., of Salt River Township, Audrain county, Missouri, in favor of the plaintiff, Wm. Armstrong, and against the defendant, Mary Stewart, who was at that time a widow by the name of Mary Crooks, for the sum of $68 and costs, said judgment to bear interest at ten per cent per annum compounded annually, that execution had been issued by said D. H. Harris on said judgment and had been returned not satisfied and no part of said judgment has been paid; that a transcript of said judgment was filed in the circuit clerk's office in Audrain county, Missouri, on the thirteenth day of December, 1883. It is, therefore, ordered and adjudged by the court that said judgment be and the same is revived and the lien continued against the defendant Mary Stewart and that the plaintiff have judgment against the defendant Mary Stewart for the sum of $124.30 with costs and that said judgment bear interest from February 4, 1890, at the rate of ten per cent and to be compounded annually, and have therefor execution." Fifth. The petition of appellant asking for a *scire facias* to revive the judgment of revival rendered February 4, 1890, in the usual form, filed Feb. 22, 1893; an ordinary summons issued thereon, dated the day of the filing of the petition and directed to the sheriff of Randolph county, returned not found by the sheriff of Randolph county; the issuance of an ordinary summons by the clerk (no order of court having been first obtained) dated March 13, 1893, and directed to the sheriff of Randolph county, returned served by delivering copy of summons and petition to defendant on March 13, 1893. On this petition, summons and service, the following judgment was rendered June 15, 1893, to wit: "Now on this 15th day of June A. D. 1893, this cause being called, plaintiff answered ready, but defendant being called, comes not, and it being shown to the

satisfaction of the court, by the return of the proper officer, that defendant had been duly served with process, and this being a suit to revive a judgment and defendant·neither answers or pleads, the court gives judgment of revival for the plaintiff and against the defendant for the sum of $135 by default and judgment to bear —— interest from date aforesaid. It is therefore considered, ordered and adjudged by the court that plaintiff have and recover of and from the defendant for his revival judgment the sum of $135 and the costs of this suit and execution may issue for the same." Sixth. The following proceedings had in 1896 to again revive the judgment, to wit: "Now comes the plaintiff and states that on the twentieth day of August, 1883, he recovered a judgment against the defendant before D. H. Harris, justice of the peace, within and for Audrain county, Missouri, for sixty- eight dollars, his debt, as appears by the record of said court; that a transcript of said judgment was filed in this court on the 13th day of December, 1883, that said judgment was renewed or revived on the fourth day of February, 1890, and again revived in this court on the fifteenth day of June, 1893.

"Plaintiff states that said judgment remains unsatisfied and is still due and unpaid, with accumulated interest to the amount of one hundred and thirty-five dollars debt and eleven dollars and thirty cents cost, which said judgment bears ten per cent interest per annum compound, and the lien thereof on the lands and tenements of said defendant will expire on the eighteenth day of June, 1896.

"Wherefore, plaintiff prays that the lien of said judgment should be revived against the lands and tenements and real estate of said defendant, that a writ of *scire facias* issue to the said defendant her *terre* tenants and the occupants of her land, commanding her and them to appear before this court, at the next term thereof, to show cause if any they

have, why said judgment in·form aforesaid as rendered and the lien thereof upon the real estate of said defendant should not be revived and for such other and further relief as to the court shall seem proper.

Summons as follows:

"To the Sheriff of Audrain County—Greeting.

"You are hereby commanded to summon Mary M. Stewart so that she be and appear before the judge of the Audrain Circuit Court on the first day of the next term thereof, to be begun and held at the court house in the city of Mexico, Mo., on the third Monday in September, next, to answer to the petition of William Armstrong, as set forth and alleged in his said petition, true copies of which are herewith sent, and thereof make due return as the law directs.

"Witness, P. M. Morris, clerk of said court, etc."

Officer's return on same:

Sheriff's return.

"Executed the within writ in the county of Audrain and state of Missouri, on the twenty-sixth day of June, 1896, by delivering a certified copy of the within petition and summons to Mary M. Stewart the within named defendant," which proceeding resulted in the judgment on which the execution was issued. On this evidence the court set aside all three of the revival judgments and quashed the execution. After an unavailing motion in review and for a rehearing the plaintiff appealed.

Section 6287 enacts: "Every such judgment (justice's transcript judgment), from the time of filing the transcript, shall have the same lien   *   *   *   and shall be under the control of the court where the transcript is filed, may be revived and carried into effect in the same manner and with like effect as judgments of circuit courts." At any time within ten years a judgment of a circuit court may be revived, by suing out a *scire facias*, section 6013, Revised Stat-

utes, 1889; ánd so may a transcript judgment from a justice of the peace, it being as to revival proceedings placed on the same footing and is controlled by the same statutes and governed by the same rules as are judgments of circuit courts.    The proceedings which resulted in the revived judgment of 1890, were brought about by the plaintiff filing with the clerk of the circuit court a petition praying for the issuance of a *scire facias* to revive the judgment.    On this petition the clerk issued an ordinary summons, which, with a copy of the petition, was served on the defendant.    Defendant appeared and filed an answer traversing the allegations of the petition; a hearing was had, at the conclusion of which the judgment was rendered.    The court obtained jurisdiction over the person of the defendant by her appearance and answer.    Did it have jurisdiction of the subject-matter, and authority to render the judgment, by any pleadings filed in the cause?    A suit to revive a judgment is not the beginning of a new suit, but a continuance of the original one.    State v. Hoeffner, 124 Mo. 488; Humphreys v. Lundy, 37 Mo. 320; Sutton's Adm'r v. Cole, 73 Mo. App. 518; Bac. Ab. 8, 598. The action is not begun by the filing of a petition and suing out summons as in ordinary actions, but by suing out a writ of *scire facias*, which should contain within itself a recital of the essential facts necessary to authorize the court (if they are found true), to enter a judgment of revival. The defendant in the proceeding is summoned not to answer a petition which has been filed against him, but to make a return to a writ which has been served on him, and to show cause, if any he has, why the judgment described in the writ should not be revived against him.    The writ, not the petition which is usually filed asking for its issuance, is the foundation of the action, and the suit can not be commenced in any other manner, or by any other pleading, than by the issuance of this writ.    Ins. Co. v. Hill, 17 Mo. App. 590; R. S. 1889, secs.

Armstrong v. Crooks.

6013, 6019.  The petition and the answer were not such pleadings as authorized the court to revive the judgment.  A judgment can not be rendered in a court of record, unless there is some pleading filed in the cause upon which it can be predicated.  Where there is no pleadings, there can be no judgment, and where the pleadings fail to state any cause of action, the judgment rendered thereon will be pronounced a nullity.  We are lead to the conclusion that the circuit court had no jurisdiction over the subject-matter, and that its first judgment of revival was *coram non judice*.  For the same reason the revival judgments rendered in 1893 and 1896 are null and void.

The judgment quashing the execution is affirmed.  All concur.  Judge *Biggs* dissents.

#### MOTION FOR REHEARING.

BLAND, P. J.—In Rhode Island v. Massachusetts, 12 Pet. 657, jurisdiction of a court is said to be "the power to hear and determine the subject-matter in controversies between parties to the suit, to adjudicate or exercise any judicial power over them."

In Adams v. Cowles, 95 Mo. 501, and Brown v. Woody, 64 Mo. 547, our supreme court says, that "the question of jurisdiction is one which must be tried by the whole record." Because the statute (R. S. 1889, sec. 6288) confers on the circuit court jurisdiction to revive a transcript judgment, it does not follow that the court had the jurisdictional power to revive the judgment in this cause.  The power conferred by the statute is dormant until it is put in force by the issuance of the writ designated by the statute to call it into activity.  The suing out of a writ of *scire facias* while not the beginning of a new suit, is nevertheless a suit.  The suit is to revive and continue the lien of a final judgment theretofore rendered between the same parties, and must be based upon some declaration in the writ to revive, which will quicken the

statute (section 6288, *supra*), and authorize the court to exercise the jurisdictional power thereby conferred. The only mode known to the law by which this can be done, is by the writ of *scire facias*. If an attempt is made to call into exercise this statutory power by some other means, as by an ordinary summons, the attempt must prove abortive, and a judgment rendered on such a proceeding, would be of no more validity than a judgment rendered on a petition which failed to state any cause of action. Tested by this rule the judgments of revival as shown by the record are nullities. The motion for rehearing will be overruled. Judge *Bond* concurs; Judge *Biggs* dissents.

### DISSENTING OPINION BY JUDGE BIGGS.

It is the well-settled law of this state that a judgment of revival is a new judgment. Walsh v. Bosse, 16 Mo. App. 231. It is equally well settled that a judgment which shows on its face jurisdiction of the person and subject-matter is not subject to collateral attack. Fulkerson v. Davenport, 70 Mo. 541; Yates v. Johnson, 87 Mo. 213; McDonald v. Frost, 99 Mo. 44; Myers v. McRay, 114 Mo. 377; Freeman on Judgments, sec. 524. Neither can process issued on such a judgment be attacked. Yeoman v. Younger, 83 Mo. 424. By jurisdiction of the subject-matter is meant "jurisdiction of causes of the general class to which the action belongs." Posthlewaite v. Ghisselin, 97 Mo. 424. It is not disputed that the circuit court had authority to revive the judgment. As each one of the judgments of revival showed that the defendant had been personally served with process, I am at a loss to know upon what principle the execution in this case can be rightfully quashed. In the last judgment entry of revival and upon which the execution was issued, it is written that the defendant "had been personally served with writ of *scire facias* as under the law in such cases provided, etc."

. The foregoing are the reasons for my dissent in this case.