# J. J. BICK, Appellant, v. CHARLES H. DIXON, Respondent.

### St. Louis Court of Appeals, May 31, 1910.

1. **PLEADING: Prayer: Does not Control Relief to be Granted.** Generally speaking, the prayer for relief in a pleading does not control the form of relief to be granted, but any relief consistent with the facts alleged may be granted.

2. **——: ——: Change in Prayer: Departure.** It is not conclusive on the question whether an amended petition changes the cause of action first stated that it closes with a prayer materially different from the prayer of the original petition, if the two pleadings are otherwise alike.

3. **——: ——: Governs Relief Granted, How Far.** The prayer of a petition may sometimes determine the character of the proceeding and the relief that may be accorded, and this is so when the petition states facts consistent with the prayer for relief, which is specific, and to grant relief not prayed for and not contemplated by plaintiff in stating his case would surprise defendant and deprive him of some right of procedure he is entitled to.

4. **JUDGMENTS: Scire Facias: Exclusive Remedy.** *Scire facias* is the only mode of reviving a judgment.

5. **PLEADING: Action on Judgment: Changing Prayer for Relief: Departure.** In an action on a justice's judgment, where the prayer of the first petition contained words suggestive of a proceeding to revive the justice's judgment and also words suggestive of a suit upon said judgment but did not pray for a writ of *scire facias* and no such writ was issued, an ordinary summons being issued, the case stood as an action on the justice's judgment, and an amended petition, which differed from the original one only in the omission of words appropriate in a prayer to revive a judgment by *scire facias*, did not change the cause of action.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

Reversed and remanded.

*Thomas P. Bashaw* for appellant.

(1) The amended petition was not a departure. "There are two tests which determine whether a second petition is an amendment or new cause of action. First, whether the same evidence will support both petitions; and, second, whether the same measure of damages will apply to both. If these questions are answered in the affirmative it is an amendment; if in the negative, it is a substitution." Liese v. Meyer, 143 Mo. 547; Burnham v. Tillery, 85 Mo. App. 453; Grigsby v. Barton County, 169 Mo. 221; Boecker v. Milling Company, 101 Mo. App. 136. (2) The original petition was a suit on a judgment and defendant brought in on a summons. The amended petition declares on the same judgment. The same proof is required to support both and the dropping of unnecessary words from the prayer of the amended petition makes no change in the cause of action. (3) The rule as to amendments or changes in the prayers to petitions is liberal. Thus, in an action for a breach of contract of marriage, aggravated by seduction, changing prayer for relief in the petition from one for damages caused by the seduction to one for damages for breach of contract to marry, is an amendment and not a change of the cause of action." Liese v. Meyer, 143 Mo. 547; see also Howard v. Shirley, 75 Mo. App. 150.

GOODE, J.—This appeal was taken from a judgment on a motion to strike out an amended petition, which motion was sustained on the ground the amendment substituted a new cause of action. Plaintiff having elected to stand on the amended petition, judgment was rendered against him, dismissing his action and for costs.

The first petition alleged plaintiff had obtained judgment before a justice of the peace May 22, 1897, for $84.30, against defendant, with eight per cent interest to

compound annually, and for costs; that a transcript of said judgment was filed in the office of the clerk of the circuit court July 3, 1900, which judgment, damages, interest and costs never had been paid, vacated, appealed from or satisfied, and the same was due, owing and unpaid and aggregated $175; "for which plaintiff asks revival, renewal, lien thereof to be continued and prays for final judgment at eight per cent interest to compound annually and for costs of suit." Defendant was brought into court by service of summons and answered by general denial and plea of the five-years Statute of Limitations. Afterwards he filed an amended petition which differed in no material respect from the original one, except in the form of the prayer, and this will be recited: "For which amount plaintiff asks and prays for judgment against defendant, with eight per cent interest to compound annually, and for costs of suit." On motion of defendant the amended petition was struck out for seeking judgment on the justice's judgment; whereas the first petition had sought to revive the justice's judgment. Generally speaking the prayer for relief does not control the form of relief to be granted, and any consistent with the facts alleged may be awarded. [Kneale v. Price, 21 Mo. App. 295; State ex rel. v. Lumber Co., 180 Mo. 53, 79 S. W. 454.] Nor is it conclusive on the question whether an amended petition changes the cause of action first stated that it closed with a prayer materially different from the prayer of the original petition, if the two pleadings are otherwise alike. [Liese v. Meyer, 143 Mo. 547, 45 S. W. 282.] It has been held the prayer may sometimes determine the character of the proceeding and the relief that may be accorded; and we understand the Supreme Court to mean this is so when the petition states facts consistent with the prayer for relief, which is specific, and to grant relief not prayed for and plainly not contemplated by the

plaintiff in stating his case, would surprise the defendant and deprive him of some right of procedure he is entitled to; as, where the entire theory of the case was for relief in equity and that relief was prayed, though relief at law might be consistent with the facts alleged, it will not be given. [Rush v. Brown, 101 Mo. 586, 45 S. W. 735.] The prayer of the first petition in this case contained words suggestive of a proceeding to revive the justice's judgment, and also words suggestive of a suit upon said judgment; that is to say, it asked for revival of the judgment and continuance of its lien, and at the same time prayed judgment for the amount of the justice's judgment at the time the suit was filed. It will be observed the first petition did not pray for the writ of *scire facias,* which is the only mode of reviving a judgment. [Armstrong v. Crooks, 83 Mo. App. 141; Holt v. Mansfield, Id. 191.] Instead of a *scire facias* being issued, an ordinary summons was issued, and, in point of fact, the case stood as an action on the justice's judgment. The only change in the amended petition worth noticing was the omission of the words appropriate in a prayer to revive a judgment by *scire facias.* Inasmuch as the first petition stated facts to warrant a judgment by the circuit court for the amount of the justice's judgment, and that relief was prayed, we think the amendment to cure the inconsistency of the prayer did not change the cause of action, but was proper, and as no *scire facias* was asked or issued so as to give the proceeding the effect of one to revive the justice's judgment, perhaps the words of the prayer which looked to that relief might have been disregarded as surplusage. [McGlothlin v. Henry, 44 Mo. 250.] Therefore the judgment will be reversed and the cause remanded. All concur.