## WILLIAM MOBLEY, Respondent, v. MARY C. WADE et al., Appellants.

**St. Louis Court of Appeals. Argued and Submitted June 10, 1915. Opinion Filed July 2, 1915.**

1. **JUDGMENTS: Revival: Proceedings Against Heirs of Decedent.** Under Sec. 2137, R. S. 1909, a judgment creditor who wishes to maintain the lien of the judgment against real estate of the judgment debtor, who is dead, should institute revival proceedings against the heirs or devisees of decedent, the personal representative of decedent not being a proper party thereto; and such proceedings are not confined to the revival of judgments concerning real estate, in the sense that they are the result of an action affecting real estate or the title thereto, but the lien of any kind of judgment may be so revived.

2. ———: ———: ———. It does not affect a judgment creditor's right to revive a judgment against the heirs of a deceased judgment debtor, under Sec. 2137, R. S. 1909, so as to maintain the lien of the judgment against real estate of such debtor, that such debtor owned no real estate except a homestead and that there would be no present right to the possession of the homestead if a sale thereof should take place under execution.

Appeal from St. Charles Circuit Court.—*Hon. B. H. Dyer,* Judge.

AFFIRMED.

*W. R. Dalton* for appellants.

*Clarence A. Cannon* for respondent.

REYNOLDS, P. J.—On July 1, 1896, plaintiff Mobley recovered a judgment in a court of a justice of the peace of St. Charles county against one N. S. Wade

and Mary C. Wade, his wife, in the sum of $132.90 for his debt, and $6 as costs, the judgment founded on a promissory note made and executed by Wade and wife. Execution issued on this judgment out of the court of the justice of the peace, was returned not satisfied, and a transcript of the justice's docket, including entry of issuance and return of the execution unsatisfied, all duly certified by the justice, filed in the office of the clerk of the circuit court of St. Charles county, on July 23, 1896, and execution issued thereon out of the circuit court. It appears that the judgment not being satisfied, it was revived from time to time against both defendants, until (N. S. Wade having died) it was revived against Mary C. Wade alone in August, 1908, and again on June 24, 1911. N. S. Wade died intestate in 1908, leaving surviving him his widow, defendant Mary C. Wade, and children and grandchildren, defendants herein as his only heirs at law, and leaving no personalty and no real estate but his homestead. There was no administration on his estate. In February, 1912, averring that the judgment is wholly unsatisfied and is still due and unpaid and that he wishes to continue the lien of the judgment on the land and tenements owned by N. S. Wade at the time of his death and of which he died seized, plaintiff prayed for the revival of the judgment against Mary C. Wade individually and against her as widow and the children and grandchildren as heirs of N. S. Wade.

The defendants, except Mrs. Wade, demurred to the petition for revivor, alleging misjoinder of parties defendant, claiming that they were not proper parties because the original action was on a note and claiming that the judgment did not survive as against the heirs of the original debtor after the death of the debtor. This was overruled and these defendants, pleading no further, stood on the demurrer. The court heard the case and sustained the prayer for revivor, entering

judgment accordingly. From this all of the defendants, except Mrs. Wade, have appealed.

The contention of learned counsel for appellants is that the original suit, the judgment which is sought to be revived, being founded on a promissory note, that section 2137, Revised Statutes 1909, only authorized the revival of a judgment as against the heirs of the deceased judgment debtor, "where the judgment or decree is concerning real estate." Counsel then takes up the question as to what was meant by the words in section 2137, "concerning real estate," and the other words in that section, "concerning personalty." The argument of counsel on this is, that under a proper construction of the statute to revive a judgment against the heirs of a deceased judgment debtor, "the subject-matter of the judgment or decree must be concerning real estate, as distinguished from the lien of the judgment."

This is an entire misapprehension of the meaning of that section.

Our court in Stewart v. Gibson, 71 Mo. App. 232, having before it an action in which it was sought to revive a judgment against the heirs of the judgment debtor, has said (l. c. 234):

"The position assumed by the defendant is that to entitle the plaintiff to maintain the action against them, it devolved upon him to show that their father died seized of real estate or that they had received or inherited from him land which ought to be subjected to the payment of plaintiff's judgment. In answer to this it is sufficient to say that Gibson (the ancestor) may have made a fraudulent disposition of land which might make it important for the plaintiff to keep the lien of his judgment in force."

We further held in Stewart v. Gibson, supra, that while the statute provides that a judgment may be revived against the heir or devisee of a deceased defendant, it also provides, in effect, for the issuance of an ex-

ecution against such heir or devisee, provided the execution concerns real estate received or inherited by him from the ancestor, but not if the levy of the execution concerns personalty. Section 6024, Revised Statutes 1899 (now section 2137, Revised Statutes 1909), is cited for this, and Judge Biggs, who delivered the opinion of our court, says: ''This shows conclusively that in such a case the judgment of revivor imposes no personal liability on the heir or devisee.'' The point was further made in that case that there was a defect of parties in that the administrator of Gibson was a necessary party. That was held not well taken. Quoting in part from what is now section 2137, the learned judge says (l. c. 235):

''Here the term 'legal representatives' has a two-fold meaning. In proceedings affecting land it means the heir or devisee. As to personalty the administrator or executor is meant. Therefore if the plaintiff seeks, by a revival proceeding, to affect land only, there can be no good reason for making the executor or administrator a party. So if the obtaining of a new judgment is for the purpose of allowance only, as provided by section 6024 of the statute (now 2137), there can be no necessity for making the heir or devisee a party.''

Learned counsel for appellant attack the greater part of it and all of that to which we have referred, except as to nonjoinder of parties, as *obiter*. Whether that is so or not, we hold that it is a correct statement of the law and a correct interpretation of section 2137, and so applicable here, that we feel justified in copying it at length.

A very complete exposition of what may be called the philosophy of this section 2137, will be found in Hardin v. McCanse, 53 Mo. 255. In that case Judge Vories has very learnedly set out the history and the reason of this section, reciting the common law as to judgments and executions and their revival, and the change which this section made on it.

In the light of that very clear decision and of what our court held in Stewart v. Gibson, supra, we think it very evident that the General Assembly, in enacting this section of the statute, did not intend to provide, as claimed by the learned counsel for appellant, that the judgment must be one "concerning real estate," in the sense that it must be the result of some action affecting real estate or the title to real estate.

We think the object and purpose of the statute is very clear. If a judgment creditor desires to reach personalty, as the personalty of one deceased is always in the hands and under the control of the probate court, through executors or administrators, they must be made parties, "and if the lien of the judgment or decree has not expired, it shall be exhibited in the probate court for allowance, as other demands against the deceased defendant or the defendant's estate; but if the lien has expired, the judgment or decree shall be revived against the executors or administrators of the deceased defendant or defendants and then shall be proceeded with as hereinbefore directed." [Section 2137, supra.] If, however, the judgment creditor desires a lien on the real estate, the probate court, save in the case of sale of it for debt, has nothing to do with that. Consequently neither the executor nor administrator are necessary parties to the revival of a judgment which is intended to be made a lien on real estate or to reach real estate alone, as here. When that in the situation, that is to say, when the judgment creditor wishes to maintain a lien on real estate in which the debtor may have had an interest or of which he was seized during his lifetime, that debtor dying, the proceeding for revival is against the heirs. In such a proceeding, *scire facias* is to be served on the defendant, or his legal representatives, tenants or other persons occupying the land. [Revised Statutes 1909, sec. 2129.] The fact that there is no present right to the possession of the homestead, if a sale of it takes

place under an execution against the debtor, does not deprive the judgment creditor of his right to the revival. Whether he can find any realty out of which to make his judgment, is a matter with which we have no concern here.

The demurrer was properly overruled.

The judgment of the circuit court is right. That judgment is affirmed. *Nortoni* and *Allen, JJ.*, concur.