JIM KING, APPELLANT, v. SAM HAYES ET AL., RESPONDENTS.*

Springfield Court of Appeals. September 17, 1928.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 1915, p. 300, n. 74; Executions, 23CJ, section 147, p. 382, n. 41; Executors and Administrators, 24CJ, section 1184, p. 431, n. 58; Judgments, 34CJ, section 950, p. 626, n. 4.

*Ward & Reeves* for appellant.

*Von Mayes* for respondents.

BAILEY, J.—This is a suit in equity filed February 2, 1924, to enforce a judgment lien against certain real estate owned by defendants, respondents herein. Defendants, on motion, were given a judgment on the pleadings and plaintiff has appealed. The appeal was to the Supreme Court but was thereafter transferred to this court as having jurisdiction.

Plaintiff's petition sets forth that he obtained a judgment in the circuit court of Pemiscot county on the 19th day of April, 1921, in the sum of $3500 against one D. T. Tucker; that at the time said judgment was rendered the said D. T. Tucker was the owner of certain real estate in Pemiscot county; that said judgment became a lien against said real estate; that thereafter, on November 29, 1921, said Tucker, by his deed of that date, conveyed all his right, title and interest in said real estate to one Clarence Ferrell, and said conveyance was subject to the lien of said judgment; that thereafter defendants, by mesne conveyances, obtained all the right and title of Tucker and Ferrell in and to said real estate; that the said Tucker died in 1922, and plaintiff's claim was allowed against his estate in the sum of $4043.80, of which $470 was paid out of the assets of said estate; that the said Tucker's estate is insolvent and plaintiff will be paid nothing further therefrom; that said judgment is an existing lien against said real estate (less the sum of $470). Wherefore plaintiff prays for a decree foreclosing said judgment lien by execution and sale of said real estate, or so much thereof as will discharge said judgment lien.

Defendants' original answer sets up that prior to the date of plaintiff's alleged judgment, the said D. T. Tucker purchased the

land in question from one J. W. Stephens for the sum of $1325, and had executed to one T. C. Sample a note for that amount, secured by a deed of trust on said land; that thereafter Clarence Ferrell purchased said note and, in payment thereof, accepted a warranty deed to said real estate from the said Tucker; that defendants purchased said real estate by mesne conveyances in good faith and, believing they had good title, erected valuable improvements thereon to the amount of $20,000; that in the event said land be ordered sold then the court decree defendants to have a prior lien thereon for the amount of said original mortgage debt and the value of said improvements. The cause was set down for trial for April 8, 1924, at which time the court made an entry of record continuing said cause, which order was made at defendants' request and after plaintiff had announced ready for trial.

Thereafter, on April 21, 1924, defendants filed an amended answer setting up, in addition to the allegations of the original answer, that three years had expired since the rendition of the judgment mentioned in plaintiff's petition and that the same had not been revived according to law and that no *scire facias* had been issued thereon and that the lien of the judgment had expired. On April 25, 1924, plaintiff filed a reply alleging, among other things, that plaintiff had been ready for trial on April 8, 1924, but, at defendants' request, the case was continued until April 25th; that "between said dates of April 8, 1924, and April 25, 1924, as the defendants allege in their said amended answer (though the plaintiff does not admit the fact), the judgment lien as aforesaid on the lands aforesaid so mentioned and described in plaintiff's petition expired, and that by reason thereof, as alleged in the defendant's said amended petition (though not admitted by the plaintiff), plaintiff cannot now maintain this suit or cause of action for the enforcement of the lien as aforesaid; that plaintiff was ready and prepared to go to trial in said cause on said 8th day of April, 1924, and that the defendants sought to continue the case for the ostensible reason that some of their witnesses were not present in court, but this plaintiff charges and avers that defendants designedly and purposely sought a continuance of said cause in order to take advantage of the plaintiff, and in order to get said cause postponed until the expiration of the three years aforesaid, and that their application and request to the court to pass said cause, or to continue same, was not made in good faith."

The reply further sets up an estoppel. Thereafter, on April 25, 1924, defendants filed a motion for judgment on the pleadings. Thereafter on August 15, 1924, this motion was sustained and this appeal followed.

It appears from the record in this case that plaintiff obtained the original judgment against D. T. Tucker on the 19th day of April, 1921. On that date it became a lien against the real estate owned by Tucker, which lien continued for a period of three years. [Sec. 1556, R. S. 1919.] It would therefore have expired, unless in some manner revived, on the 19th days of April, 1924. Plaintiff filed his bill in equity to foreclose this lien on the 2nd day of February, 1924; the case was set for trial April 8, 1924, but at defendants' request, was continued until April 25, 1924. In the interim, unless this suit had the effect of keeping the judgment lien alive, the lien thereof had expired before the motion for judgment on the pleadings was filed. If the lien had expired, the judgment on the pleadings was proper. It is with that question we are now concerned.

There was a time in the history of jurisprudence in this State when the lien of a judgment was held to be extinguished by the death of the judgment debtor. [Miller v. Doan, 19 Mo. 650.] Since 1855 the judgment lien has been held to continue after the death of such judgment debtor by virtue of our statute, now section 1568, Revised Statutes 1919. [Peters v. Holliday, 40 Mo. 544.] This statute provides, among other things, that the judgment may be revived by *scire facias* proceedings against the heirs of a deceased judgment debtor when creditors desire to maintain a lien on lands owned by deceased. [Stewart v. Gibson, 71 Mo. App. 232; Mobley v. Wade, 192 Mo. App. 26, 178 S. W. 504.] It is further provided that *scire facias* may be sued out at any time within ten years from the date of judgment but if the writ be issued after the lien expires a judgment of revival shall take effect only from the rendition thereof and shall not prevail over intermediate encumbrances. [Secs. 1557, 1558, R. S. 1919.] However, if a *scire facias* be issued to revive a judgment and lien before the end of the three-year period, although the judgment of revival be obtained after the expiration of the lien, yet said lien shall prevail over intermediate encumbrances. [Sec. 1559, R. S. 1919.]

It is true, as pointed out by plaintiff, that no execution could be issued on the judgment pleaded in plaintiff's petition after the death of D. T. Tucker, the judgment debtor. [Allumet v. Leeper, 48 Mo. 319; Stratmore v. Clark, 70 Mo. 571.] The judgment, however, was a preferred claim against Tucker's estate and, in addition to that remedy, plaintiff had the right to enforce the lien of the judgment against real estate by a bill in equity, which course plaintiff followed when this suit was instituted. [Griswold v. Johnson, 22 Mo. App. 466.] Such a suit, however, is not recognized by our statutes and we are unable to find any authority for holding that the bringing of a suit of this character would take the place of a *scire facias* and thus keep the lien of the judgment in force. It is

clear enough that the very foundation of plaintiff's suit was the uninterrupted continuance of his judgment lien. He knew, or should have known, that under the statute, heretofore referred to, his judgment lien would expire on the 19th day of April, 1924. The statute pointed the way, and the only way, as we understand its provisions, by which the lien of the judgment could be kept continuously in force. [Bick v. Vaughn, 140 Mo. App. 595, 120 S. W. 618.]

The issuance of a writ of *scire facias* directed to the heirs of D. T. Tucker, at any time before the 19th day of April, 1924, would have kept the lien of plaintiff's judgment alive. It was his duty, we think, to have protected his bill to enforce the judgment lien against the real estate in question by suing out a writ of *scire facias* before his lien expired, as provided by law.

The estoppel pleaded in plaintiff's reply cannot be maintained. There is nothing pleaded tending to show plaintiff was overreached or that any fraud was practised upon him. He knew, or should have known, that his judgment lien would likely expire before he could obtain a final judgment in the present suit, and he had such knowledge in time to have protected himself. Even if defendants were guilty of trickery in procuring a continuance, that fact alone would not nullify the plain provisions of the statute, presumably known to all alike.

We therefore hold that, at the time the motion for judgment on the pleadings was filed, plaintiff's lien had expired and therefore defendants' title was cleared of such judgment lien. [Sec. 1559, R. S. 1919; Pullis v. Pullis, 157 Mo. 565, 57 S. W. 1095; Green v. Daugherty, 55 Mo. App. 217; Hutchinson's Ex. v. Hutchinson, 15 Ohio, 301; Flagg v. Flagg, 39 Nebr. 229.]

Defendants make the point that the bill of exceptions was not filed in time. Under our rules we do not consider the statute mandatory on that question and believe it our duty to consider the case on its mertis when the parties, in effect, have consented to the filing of the bill out of time as in this case.

The judgment is affirmed. *Cox, P. J.,* and *Bradley, J.,* concur.