Hallie Gail PAPENBERG (now Lodahl)
(Plaintiff), Appellant,

v.

Russell Joseph PAPENBERG (Defendant),
Respondent.

No. 29184.

St. Louis Court of Appeals.

Missouri.

April 17, 1956.

J. Grant Frye, Wm. H. Frye, Cape Girardeau, for appellant.

Preston Quick, St. Louis, for respondent.

ANDERSON, Presiding Judge.

This is an appeal by plaintiff, Hallie Gail Papenberg, from a judgment of the Circuit Court overruling plaintiff's motion to modify a decree of divorce. By said motion plaintiff sought custody of her two sons and an award for their support and maintenance; also an award for the support and maintenance of a daughter whose custody had theretofore been awarded to plaintiff.

Plaintiff obtained a decree of divorce from defendant in the Circuit Court of the City of St. Louis on March 11, 1943. By said decree plaintiff was granted the custody of the three minor children, Russell Joseph, aged 7; Raymond Albert, aged 4; and Marilyn Gay, aged 3. By said decree defendant was ordered to pay plaintiff the sum of $8 per week for the support of each child. Subsequent to the rendition of this decree defendant was inducted into the Armed Services. Thereafter, by consent, the decree was modified by striking therefrom the provision with respect to payments for support and maintenance of the children and, in lieu thereof, it was decreed that defendant should "during the period the defendant is in the Armed Services of the United States, or until further order of court * * * pay for the support and maintenance of said minor children such sum only and in such manner as is provided by the Servicemen's Dependents' Allowance Act of 1942, 37 U.S.C.A. § 201 et seq., said amount to be payable in such manner as is provided in said Act; that is, $22.00 a month to be taken out of defendant's pay by allotment and $40.00 to be contributed by the Government under the provisions of said Act—a total of $62.00 a month."

In May, 1943, plaintiff married Emil F. Lodahl, and was living with Lodahl in the City of St. Louis at the time the above-mentioned modification of the decree was entered. In the spring of 1944 plaintiff and her husband, with the three children, moved to Medicine Lake, Montana.

Plaintiff did not secure any order from the court permitting her to remove the children from the state. After leaving the Armed Services, and on November 27, 1945, defendant filed a motion to further modify the decree. The prayer of that motion was that he be relieved from the obligation for the support and maintenance of the three children until they should be returned to the jurisdiction of the court. This motion was sustained on December 21, 1945. The order entered at that time provided that the judgment in favor of plaintiff and against defendant in the sum of $62 per month for support of the minor children was terminated until further order of the court. It further provided that in all other respects the original decree, as subsequently modified, should remain in full force and effect.

Shortly thereafter plaintiff came to St. Louis and delivered the two boys to defendant. At that time she had separated from Mr. Lodahl. She testified that the reason she turned over the boys to defendant was because she was not financially able to support them. At that time, she had a son by Emil Lodahl, born March 22, 1945.

After plaintiff delivered the boys to defendant she went to California, taking with her Marilyn Gay and her son Emil Lodahl.

On October 15, 1946, plaintiff filed a motion for an allowance for support and maintenance for the three children. Defendant countered with a motion asking that the decree be modified by awarding him the custody of all three children. These motions came on for trial on December 6, 1946, and on that date the court overruled plaintiff's motion. Defendant's motion was sustained in part by an order granting to defendant the care, custody and control of the two boys. No change was made in the decree with reference to the custody of Marilyn Gay.

After residing in California for some time plaintiff returned to St. Louis where she lived for a period of one year. She

then returned to California. In February, 1948, she filed suit for a divorce from Emil Lodahl. The latter filed a cross-complaint and obtained an interlocutory decree in his favor on November 16, 1948. This decree provided that after one year a final judgment dissolving the marriage would be entered. The custody of the child, Emil, was awarded to the husband. A final judgment was entered on December 16, 1949. On February 2, 1950, the judgment was modified by awarding custody of the child, Emil, to plaintiff, with $50 per month for the support and maintenance of said child.

In March, 1953, plaintiff, with the two children then in her custody, moved to Cape Girardeau, Missouri, where she lived with her sister from March until May of that year. In May, 1953, plaintiff secured employment at the Cagelco Jacket Company as an inspector at a salary of $35 per week. She worked at that job until July, 1953, at which time she secured a position at the Cape Cut-Rate Drug Store. She is still working for this concern. Her salary at the time of the hearing below was $40 per week. She and the two children live in a two-room furnished apartment. Her rent is $40 per month. Mr. Lodahl stopped paying plaintiff the $50 per month for the support of Emil after she left California.

Defendant has contributed nothing for the support of Marilyn Gay since the entry of the order of December 21, 1945. Plaintiff has no property of her own. Neither of the children in her charge has any source of income. Marilyn Gay attends a Catholic Parochial School which requires the payment of tuition. She is in the eighth grade. Plaintiff plans to send Marilyn Gay to high school when she graduates from grammar school. Plaintiff testified that it took all of her salary, and what contributions she could get from her sister, to furnish the necessaries for the family.

After her return from California plaintiff brought suit against defendant in the Circuit Court of Franklin County, in which suit she sought to recover the sum of $8,700 which she alleged was expended by her for the support of Marilyn Gay from and after December 21, 1945. The trial court in that case sustained defendant's motion to dismiss, and plaintiff appealed to the Supreme Court. The Supreme Court held that the effect of the order of December 21, 1945, was to reinstate and continue the allowance for the support of the children as made in the original decree. For that reason, plaintiff was not entitled to maintain an independent action to enforce defendant's common law liability for sums expended by her in support of the children. The judgment of the trial court was affirmed. Lodahl v. Papenberg, Mo.Sup., 277 S.W.2d 548.

Appellant contends that the court erred in not modifying the decree by increasing the amount allowed for the support and maintenance for Marilyn Gay.

■■ The amount allowed for the support of children is subject to subsequent modification where changed conditions require it. A request for such change is addressed to the sound discretion of the court, in the exercise of which the court will necessarily consider the needs of the children and the ability of the father to pay.

■ In the case at bar there is no doubt but that the needs of the child have increased since the original decree was entered. At that time she was an infant three years old. At the present time Marilyn Gay is sixteen years of age, attending school and, no doubt, taking part in other activities outside the home which call for a larger expenditure for clothes and other incidentals. The cost of living has increased materially since the rendition of the original decree. These changed conditions would justify an increase in the allowance for her support and maintenance had plaintiff produced evidence of defendant's ability to pay such increase. In the absence of such evidence we cannot say that the trial court abused its discretion in refusing to increase the amount of the award for the child's support and maintenance.

■ Appellant further contends that the court should have modified the award so as

to extend the life of the judgment. There is no merit to the point.

An ample remedy to keep a judgment alive is provided for by the statutes relating to revival of judgments. Sections 511.370 to 511.430, inclusive, RSMo 1949, V.A.M.S. Dreyer v. Dickman, 131 Mo.App. 660, 111 S.W. 616. The method provided by the statutes is exclusive. King v. Hayes, 223 Mo.App. 138, 9 S.W.2d 538; Bick v. Dixon, 148 Mo.App. 703, 129 S.W. 254.

In our judgment, the court did not err in refusing to modify the decree and award plaintiff the custody of the two boys. The record shows that the boys have been with their father at all times since they were turned over to him shortly after the order of December 21, 1945. Plaintiff has not seen the boys since. There was no showing that the father was not a fit person to have their custody or that their best interest would be served by a change of custody.

It is next urged that the court erred in failing to allow plaintiff a reasonable attorney's fee and suit money for the prosecution of this motion.

The allowance of attorney's fees and suit money is within the sound discretion of the court. However, before a court should be called upon to exercise that discretion there should be introduced some evidence of the husband's ability to pay such an allowance. In the case at bar there was no such testimony. For that reason, we cannot say that the trial court abused its discretion when it refused to make such allowance. Shepard v. Shepard, Mo.App., 194 S.W.2d 319.

Appellant's final assignment of error is that the trial court denied plaintiff her day in court. The record shows that this matter came on for hearing on January 27, 1954. Both plaintiff and defendant were represented by counsel. Plaintiff was the first witness and testified at length. At the conclusion of her testimony the cause was adjourned to February 10, 1954. On February 10, 1954, the matter was again called for hearing. Defendant appeared in person and by his attorney. Plaintiff, although called, did not appear. Defendant then introduced as his case an authenticated copy of the proceedings of the Superior Court for the County of Los Angeles, California, in the case of Gail H. Lodahl v. Emil F. Lodahl. No other evidence was offered. The next entry in the transcript is the judgment appealed from. This judgment was entered June 1, 1954. No request was made by plaintiff between February 10, 1954, and June 1, 1954, for permission to introduce additional evidence. Nor was there any request to set aside the judgment to give plaintiff an opportunity to introduce further evidence. Under these circumstances, we find no merit in appellant's contention that she was denied her day in court.

The judgment is affirmed.

RUDDY, J., and SAM C. BLAIR, Special Judge, concur.